# **EXHIBIT B**

**Assumption and Assignment Notice**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>CHARLOTTE RUSSE HOLDING, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 19- ( _____ )<br><br>(Joint Administration Requested) |

**NOTICE OF (I) POTENTIAL ASSUMPTION AND ASSIGNMENT OF**
**EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) CURE AMOUNTS**

You are receiving this notice because you may be a counterparty to a contract or lease with Charlotte Russe Holding, Inc.; Charlotte Russe Holdings Corporation; Charlotte Russe Intermediate Corporation; Charlotte Russe Enterprise, Inc.; Charlotte Russe, Inc.; Charlotte Russe Merchandising, Inc.; or Charlotte Russe Administration, Inc. Please read this notice carefully as your rights may be affected by the transactions described herein.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.     On February 3, 2019, Charlotte Russe Holding, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") filed a motion seeking approval of bidding procedures for the sale of certain of the Debtors' assets (the "Assets") and approval of the sale of the Debtors' Assets (the "Bidding and Sale Motion") to the highest or best qualified bidder (the "Successful Bidder"). The Debtors are seeking the Court's approval at a hearing on February 19, 2019 of the proposed bidding procedures and the form of this notice. The Debtors have further requested a hearing to approve the sale of the Assets (the "Sale Hearing") for March 13, 2019 in the United States Bankruptcy Court for the District of Delaware in Wilmington, Delaware (the "Bankruptcy Court"). The Bankruptcy Court will consider the sale of the Assets to the Successful Bidder and the assumption and assignment of executory contracts and unexpired leases at the Sale Hearing.

2.     Pursuant to the Bidding and Sale Motion, the Debtors may potentially assume and assign to the Successful Bidder one or more of those executory contracts and unexpired leases listed on Exhibit A annexed hereto (collectively, the "Potentially Assigned Agreements" and each, a "Potentially Assigned Agreement"), pursuant to section 365 of the Bankruptcy Code.

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Charlotte Russe Holding, Inc. (4325); Charlotte Russe Holdings Corporation (1045); Charlotte Russe Intermediate Corporation (6345); Charlotte Russe Enterprise, Inc. (2527); Charlotte Russe, Inc. (0505); Charlotte Russe Merchandising, Inc. (9453); and Charlotte Russe Administration, Inc. (9456). The Debtors' headquarters are located at 5910 Pacific Center Boulevard, Suite 120, San Diego, CA 92121.

3. The Debtors have indicated on <u>Exhibit A</u> annexed hereto the cure amounts that the Debtors believe must be paid to cure all pre-petition defaults and pay all amounts accrued, under the Potentially Assigned Agreements (in each instance, the "<u>Cure Amount</u>").

4. Any party seeking to (i) object to the validity of the Cure Amount as determined by the Debtors or otherwise assert that any other amounts, defaults, conditions or pecuniary losses must be cured or satisfied under any of the Potentially Assigned Agreements in order for such contract or lease to be assumed and assigned or (ii) object to the assumption and assignment of any Potentially Assigned Agreements on any other basis other than objections to adequate assurance of future performance, must file an objection (the "<u>Assumption/Assignment Objection</u>") that (a) is in writing, (b) sets forth the specific monetary amount the objector asserts to be due, and the specific types of the alleged defaults, pecuniary losses, accrued amounts and conditions to assignment and the support therefor, (c) is filed with the Clerk of the Bankruptcy Court and (d) is served so as to be actually received by (a) Charlotte Russe Inc., 5910 Pacific Center Boulevard, Suite 120, San Diego, CA 92121 (Attn: Marie Satterfield, Esq.), email: marie.satterfield@charlotterusse.com; (b) counsel to the Debtors, (i) Cooley LLP, 1114 Avenue of the Americas, New York, NY 10036 (Attn: Seth Van Aalten, Esq. and Michael A. Klein, Esq.), email: svanaalten@cooley.com and mklein@cooley.com; and (ii) Bayard, P.A., 600 North King Street, Suite 400, P.O. Box 25130, Wilmington, DE (Attn: Justin Alberto, Esq. and Erin Fay, Esq.) email: jalberto@bayardlaw.com and efay@bayardlaw.com; (c) counsel to the Prepetition ABL Agent and the DIP Agent, (i) Morgan, Lewis & Bockius LLP, One Federal Street, Boston, MA 02110 (Attn: Julia Frost-Davies, Esq. and Christopher L. Carter, Esq.), email: julia.frost-davies@morganlewis.com and christopher.carter@morganlewis.com; and (ii) Richards, Layton & Finger, PA, One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Mark D. Collins, Esq.), email: collins@rlf.com; (d) counsel to the Prepetition Term Agent, King & Spalding LLP, 1185 Avenue of the Americas, New York, NY 10036 (Attn: Michael Collins Rupe, Esq. and W. Austin Jowers, Esq.), email: mrupe@kslaw.com and ajowers@kslaw.com; (e), counsel to the Steering Committee, King & Spalding LLP, 1185 Avenue of the Americas, New York, NY 10036 (Attn: Michael Collins Rupe, Esq. and W. Austin Jowers, Esq.), email: mrupe@kslaw.com and ajowers@kslaw.com; (f) once it is formed, counsel to each Committee; and (g) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (collectively, the "<u>Notice Parties</u>") by March 6, 2019 at 4:00 p.m. (prevailing Eastern Time) (the "<u>Assumption/Assignment Objection Deadline</u>").

5. The Debtors shall file a notice identifying the Successful Bidder with the Bankruptcy Court and serve such notice upon parties in interest not later than 24 hours after the conclusion of the Auction. The deadline for objecting to the assignment of the Potentially Assigned Agreements to such Successful Bidder on the basis of adequate assurance of future performance ("<u>Adequate Assurance Objections</u>") shall be the commencement of the Sale Hearing (the "<u>Adequate Assurance Objection Deadline</u>").

6. Unless an Assumption/Assignment Objection is filed and served before the Assumption/Assignment Objection Deadline or an Adequate Assurance Objection is raised before the Adequate Assurance Objection Deadline, all parties shall (i) be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts with respect to the Potentially Assigned Agreements, and the Debtors and the Successful Bidder shall be entitled to rely solely upon the Cure Amount; (ii) be deemed to have consented to the assumption and

assignment, and (iii) be forever barred and estopped from asserting or claiming against the Debtors or the Successful Bidder that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under such Potentially Assigned Agreements or that there is any objection or defense to the assumption and assignment of such Potentially Assigned Agreements.

7. Any hearings with respect to the Assumption/Assignment Objections or Adequate Assurance Objections or may be held (i) at the Sale Hearing, or (ii) at such other date as may be agreed by the parties or set by the Bankruptcy Court.  Where a nondebtor counterparty to a Potentially Assigned Agreement files an objection asserting a cure amount higher than the proposed Cure Amount, (the "Disputed Cure Amount"), then (i) the cure amount shall be as agreed between the parties or (ii) to the extent the parties are unable to consensually resolve the dispute, then the amount to be paid under section 365 of the Bankruptcy Code with respect to such Disputed Cure Amount will be determined at the Sale Hearing or at such other date and time as may be fixed by the Bankruptcy Court.  All other objections to the proposed assumption and assignment of a Potentially Assigned Agreement will be heard at the Sale Hearing, unless adjourned by agreement of the parties.

8. An Assumption/Assignment Objection shall not constitute an objection to the relief generally requested in the Bidding and Sale Motion.  Parties wishing to otherwise object to the relief requested in the Bidding and Sale Motion must file and serve a separate objection, stating with particularity such party's grounds for objection, so as to be received by each of the Notice Parties listed above no later than March 6, 2019 at 4:00 p.m. (prevailing Eastern Time).

9. If you agree with the Cure Amount indicated on Exhibit A, and otherwise do not object to the Debtors' assignment of your lease or contract, you need not take any further action.

10. The Debtors' decision to assume and assign the Potentially Assigned Agreements is subject to Bankruptcy Court approval and consummation of the sale of the Assets.  Accordingly, the Debtor shall be deemed to have assumed and assigned each of the Assigned Agreements as of the date of, and effective only upon, the closing of the sale of the Assets, and absent such closing, each of the Potentially Assigned Agreements shall neither be deemed assumed nor assigned and shall in all respects be subject to further administration under the Bankruptcy Code.

**Inclusion of any document on the list of Potentially Assigned Agreements shall not constitute or be deemed to be a determination or admission by the Debtors or the Successful Bidder that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code, and all rights with respect thereto are being expressly reserved.**

Dated:   February 3, 2019

                                                          BAYARD, P.A.
/s/
Justin R. Alberto (No. 5126)
Erin R. Fay (No. 5268)
600 North King Street, Suite 400
Wilmington, Delaware 19801

Telephone: (302) 655-5000
Facsimile: (302) 658-6395
Email: jalberto@bayardlaw.com
efay@bayardlaw.com

- and -

**COOLEY LLP**
Seth Van Aalten
Michael Klein
Summer M. McKee
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: svanaalten@cooley.com
mklein@cooley.com
smckee@cooley.com

*Proposed Co-Counsel for the Debtors*

## **EXHIBIT B**

### **LEASES**

| Landlord Name / Address | Address of Subject Property | Cure Amount |
|---|---|---|
| | | |

### **EXECUTORY CONTRACTS**

| Counterparty Name / Address | Description of Contract | Cure Amount |
|---|---|---|
| | | |