UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Charlotte Russe Holding, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 19-10210 (LSS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 6** |

**ORDER PURSUANT TO 28 U.S.C. § 156(c), BANKRUPTCY RULE 2002(f),
AND LOCAL RULE 2002-1(f), APPOINTING DONLIN, RECANO & COMPANY, INC.
AS CLAIMS AND NOTICING AGENT, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon consideration of the application (the "Application")[2] of the above-captioned debtors (the "Debtors") for the entry of an order, pursuant to 28 U.S.C. § 156(c), Bankruptcy Rule 2002(f) and Local Rule 2002-1(f), appointing DRC as claims and noticing agent ("Claims and Noticing Agent"), *nunc pro tunc* to the Petition Date; and upon consideration of the Application and all pleadings related thereto, including the Voorhies Declaration and the First Day Declaration; and it appearing that no other or further notice of the Application is required; and the Court having found that (i) it has jurisdiction to consider the Application in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iii) the Court may enter a final order consistent with Article III of the United States Constitution, (iv) venue of this proceeding and the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409, (v) the Debtors have estimated that there are hundreds of creditors in this

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Charlotte Russe Holding, Inc. (4325); Charlotte Russe Holdings Corporation (1045); Charlotte Russe Intermediate Corporation (6345); Charlotte Russe Enterprise, Inc. (2527); Charlotte Russe, Inc. (0505); Charlotte Russe Merchandising, Inc. (9453); and Charlotte Russe Administration, Inc. (9456). The Debtors' headquarters are located at 5910 Pacific Center Boulevard, Suite 120, San Diego, CA 92121.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

chapter 11 case, many of which may require notice or file proofs of claim, (vi) the provision of notice and the receipt, docketing and maintenance of proofs of claim would be unduly time consuming and burdensome for the Clerk, (vii) the Court is authorized under 28 U.S.C. § 156(c) to use, at the Debtors' expense, outside agents to provide such services, (viii) DRC has the experience and capability to provide such services, (ix) due and proper notice of the Application having been given, and (x) DRC is a "disinterested person" as that term is defined under the Bankruptcy Code; and it appearing that the relief requested in the Application and provided for herein is in the best interest of the Debtors, their estates, and creditors; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. Notwithstanding the terms of the Services Agreement, the Application is approved solely as set forth herein.

2. The Debtors are authorized to retain DRC as the Claims and Noticing Agent effective *nunc pro tunc* to the Petition Date under the terms of the Services Agreement, and DRC is authorized and directed to perform noticing services and to receive, maintain, record and otherwise administer the proofs of claim filed in this chapter 11 case, and all related tasks, all as described in the Application.

3. DRC shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in this chapter 11 case and is authorized and directed to maintain an official claims register for the Debtors and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

4. DRC is authorized and directed to obtain a post office box or address for the receipt of proofs of claim.

5. DRC is authorized to take such other action to comply with all duties set forth in the Application.

6. The Debtors are authorized to compensate DRC in accordance with the terms of the Services Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by DRC and the rates charged for each, and to reimburse DRC for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for DRC to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

7. DRC shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtors, the U.S. Trustee, counsel for the Debtors, counsel for any Committee monitoring the expenses of the Debtors and any party-in-interest who specifically requests service of the monthly invoices.

8. To the extent any dispute arises relating to the Services Agreement or DRC's monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute, and, if a resolution is not achieved, the parties may seek resolution of the matter from the Court.

9. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of DRC under this Order shall be an administrative expense of the Debtors' estate.

10. DRC may hold the Retainer under the Services Agreement during this chapter 11 case as security for the payment of fees and expenses incurred under the Services Agreement in connection with this case.

11. The Debtors shall indemnify DRC under the terms of the Services Agreement, subject to the following clarifications:

    (a) DRC shall not be entitled to indemnification, contribution or reimbursement pursuant to the Services Agreement for services other than the Claims and

        Noticing Services, unless such services and the indemnification, contribution or reimbursement therefor are approved by this Court;

  (b)    Notwithstanding anything to the contrary in the Services Agreement, the Debtors shall have no obligation to indemnify any person, or provide contribution or reimbursement to any person, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from that person's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of DRC's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution or reimbursement under the terms of the Services Agreement as modified by this Order; and

  (c)    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this chapter 11 case (such order having become a final order no longer subject to appeal) and (ii) the entry of an order closing the chapter 11 case, DRC believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Services Agreement, including without limitation the advancement of defense costs, DRC must file an application therefor in this Court, and the Debtors may not pay any such amounts to DRC before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by DRC for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify DRC. All parties in interest shall retain the right to object to any demand by DRC for indemnification, contribution, or reimbursement.

12.    In the event DRC is unable to provide the services set out in this order, DRC will immediately notify the Clerk and counsel for the Debtors and, upon approval of this Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and counsel for the Debtors.

13.    The Debtors may submit a separate retention application, pursuant to section 327 of the Bankruptcy Code and/or any applicable law, for work that is to be performed by DRC but is not specifically authorized by this Order.

14. The Debtors and DRC are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

15. Notwithstanding any term in the Services Agreement to the contrary, this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

16. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

17. DRC shall not cease providing claims processing services during this chapter 11 case for any reason, including nonpayment, without an order of this Court.

18. In the event of any inconsistency between the Services Agreement, the Application and this Order, this Order shall govern.

Dated: February 5, 2019
Wilmington, Delaware

*[signature]*
THE HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE