| **Information to Identify the Case:** |  |
|---|---|
| **Debtor: Charlotte Russe Holding, Inc., et al.** | **EIN: 33-0724325** |
| **United States Bankruptcy Court for the District of Delaware** | |
| **Case Number: 19-10210 (LSS)** | **Date case filed for chapter 11: 2/3/2019** |

Official Form 309F (For Corporations or Partnerships)
# Notice of Chapter 11 Bankruptcy Case                                                12/15

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered. This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read all pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

**Valid Picture ID is required for access to the J. Caleb Boggs Federal Building.**

| 1. | Debtor's full name | Charlotte Russe Holding, Inc. and the Debtors identified below | | |
|---|---|---|---|---|
| 2. | All other names used in the last 8 years | Charlotte Russe<br>Peek | | |
| | | **Jointly Administered Cases** | | |
| | **Debtor Name** | **Case No.** | | **Tax I.D.** |
| | Charlotte Russe Holding, Inc. | 19-10210 (LSS) | | 33-0724325 |
| | Charlotte Russe Holdings, Corporation | 19-10211 (LSS) | | 46-4211045 |
| | Charlotte Russe Intermediate Corporation | 19-10212 (LSS) | | 46-5626345 |
| | Charlotte Russe Enterprise, Inc. | 19-10213 (LSS) | | 27-0792527 |
| | Charlotte Russe, Inc. | 19-10214 (LSS) | | 95-2960505 |
| | Charlotte Russe Merchandising, Inc. | 19-10215 (LSS) | | 33-0819453 |
| | Charlotte Russe Administration, Inc. | 19-10216 (LSS) | | 33-0819456 |
| 3. | Address | 5910 Pacific Center Blvd., Suite 120<br>San Diego, CA 92121 | | |
| 4. | **Debtors' attorneys and Claims Agent**<br>Name and address | COOLEY LLP<br>Seth Van Aalten<br>Michael Klein<br>Summer M. McKee<br>1114 Avenue of the Americas<br>New York, New York 10036<br>Phone: (212) 479-6000<br>svanaalten@cooley.com<br>mklein@cooley.com<br>smckee@cooley.com | BAYARD, P.A.<br>Justin R. Alberto<br>Erin R. Fay<br>Daniel N. Brogan<br>600 N. King Street, Suite 400<br>Wilmington, DE 19801<br>Phone: (302) 655-5000<br>jalberto@bayardlaw.com<br>efay@bayardlaw.com<br>dbrogan@bayardlaw.com | Debtors' Claims Agent:<br>Donlin Recano & Co., Inc.<br>Phone: (877) 864-4836<br>crinfo@donlinrecano.com<br><br>**If you have questions about this notice, please contact Donlin Recano & Co., Inc.** |

| | | | | | |
|---|---|---|---|---|---|
| 5. | **Bankruptcy clerk's office**<br><br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at www.pacer.gov. | **United States Bankruptcy Court District of Delaware**<br>**824 Market Street, 3rd Floor**<br>**Wilmington, DE 19801** | Hours open<br><br>Contact phone | **Monday − Friday**<br>**8:00 AM − 4:00 PM**<br><br>**302−252−2900** | |
| 6. | **Meeting of creditors**<br>The debtor's representative must attend the meeting to be questioned under oath. Creditor may attend, but are not required to do so. | **March 7, 2019**<br>Date<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | at | **9:30 a.m.**<br>Time | Location: | **J. Caleb Boggs Federal Building**<br>**844 King Street, 3rd Floor**<br>**Room 3209**<br>**Wilmington, Delaware 19801** |
| 7. | **Proof of claim deadline** | **Deadline for filing a proof of claim:** | | **None as yet. If a deadline is set, another notice will be sent.** | |
| | | A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br><br>Your claim will be allowed in the amount scheduled unless:<br><br>☒ your claim is designated as disputed, contingent, or unliquidated;<br>☒ you file a proof of claim in a different amount; or<br>☒ you receive another notice. | | | |
| | | If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.<br><br>You may review the schedules at the bankruptcy clerk's office or online at www.pacer.gov.<br><br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | | | |
| 8. | **Exception to discharge deadline**<br><br>The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | You must start a judicial proceeding by filing a complaint if you want to have a debt excepted from discharge under 11 U.S.C. § 1141(D)(6)(A).<br><br>**Deadline for filing the complaint:** | | **To Be Determined** | |
| 9. | **Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | | | |
| 10. | **Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. | | | |
| 11. | **Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge under 11 U.S.C. § 1141(d)(6)(A), you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. | | | |