**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Charlotte Russe Holding, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-10210 (LSS)<br><br>(Jointly Administered)<br><br>Hearing Date: March 6, 2019 at 1:00 p.m. (ET)<br>Obj Due: February 27, 2019 at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR ENTRY OF AN ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Charlotte Russe Holding, Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases, by their undersigned proposed counsel, hereby move (the "Motion") this Court for the entry of an order substantially in the form submitted herewith (the "Proposed Order"), pursuant to sections 105(a), 327, 330, and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), establishing procedures for interim compensation and reimbursement of expenses for court-approved professionals retained by the Debtors and the Committee, as defined below. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Charlotte Russe Holding, Inc. (4325); Charlotte Russe Holdings Corporation (1045); Charlotte Russe Intermediate Corporation (6345); Charlotte Russe Enterprise, Inc. (2527); Charlotte Russe, Inc. (0505); Charlotte Russe Merchandising, Inc. (9453); Charlotte Russe Administration, Inc. (9456). The Debtors' headquarters are located at 5910 Pacific Center Boulevard, Suite 120, San Diego, CA 92121.

{BAY:03448242v1}

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2).

2. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory predicates for the relief requested herein are sections 105, 327, 330, and 331 of the Bankruptcy Code.

## BACKGROUND

4. On February 3, 2019 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered an order for joint administration of these Cases [D.I. 4].

5. On February 13, 2019, Region 3 of the Office of the United States Trustee (the "U.S. Trustee") appointed a seven-member Official Committee of Unsecured Creditors (the "Committee"). No trustee or examiner has been appointed.

6. Further information regarding the Debtors' business operations and the events leading up to the Petition Date and the facts and circumstances further supporting the relief requested herein are set forth in the *Declaration of Brian M. Cashman, Chief Restructuring*

*Officer of Charlotte Russe Holding, Inc., in Support of Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 3] (the "First Day Declaration"), which is incorporated herein by reference.

7. The Debtors have, or will file applications to retain: (i) Cooley LLP as their bankruptcy counsel; (ii) Bayard, P.A, as their Delaware co-counsel, (iii) Berkeley Research Group, LLC to provide a Chief Restructuring Officer and additional personnel, (iv) Guggenheim Securities, LLC as their investment banker, (v) A&G Realty Partners, LLC as their real estate advisor, (vi) Malfitano Advisors, LLC as their asset disposition consultant, and (vii) Donlin, Recano & Company, Inc. as their administrative agent. The Debtors reserve their right to retain other professionals as appropriate in connection with the administration of these cases as they progress.

8. In addition, the Debtors anticipate that the Committee will file applications seeking to retain counsel or other advisors to assist it in fulfilling its fiduciary obligations.

9. The Debtors propose that, except as otherwise provided in an order of the Court authorizing the retention of a particular Professional (as defined below), the Professionals be permitted to seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (the "Compensation Procedures"):

   (a) On or before the 20th day of each month, or as soon as practicable thereafter, each Professional may file an application (a "Monthly Fee Application") with the Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months[2] and serve a copy of such Monthly Fee Application by first class mail on each of the following parties:

      (i) Proposed counsel to the Debtors: (x) Cooley LLP, 1114 Avenue of the Americas, New York, NY 10036 (Attn: Seth Van Aalten, Esq. and Michael A. Klein, Esq.) and (y) Bayard

---

[2] The first Monthly Fee Application will cover the period from the Petition Date through February 28, 2019.

       P.A., 600 North King Street, Ste. 400, Wilmington, DE 19801 (Attn: Justin Alberto, Esq. and Erin R. Fay, Esq.);

  (ii)    The Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Jane M. Leamy);

  (iii)   Counsel to Bank of America, N.A., as the Prepetition ABL Agent and the DIP Agent: (x) Morgan, Lewis & Bockius LLP, One Federal Street, Boston, MA 02110 (Attn: Julia Frost-Davies, Esq. and Christopher L. Carter, Esq.) and (y) Richards, Layton & Finger, PA, One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Mark D. Collins);

  (iv)   King & Spalding LLP, 1185 6th Avenue, New York, NY 10036 (Attn: Michael Rupe, Esq. and W. Austin Jowers, Esq.), as counsel to Jefferies Finance LLC, as Prepetition Term Agent, and counsel to certain of the Prepetition Term Lenders; and

  (v)    Proposed counsel to the Committee: Whiteford, Taylor & Preston LLC, The Renaissance Centre, Suite 500, 405 North King Street, Wilmington, DE (Attn: Christopher Samis, Esq. and Katherine Good, Esq.) (collectively, the "<u>Notice Parties</u>").

Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application including any prior month or months, which shall comply with the applicable provisions of the Bankruptcy Code and Local Rules, and otherwise governed by these Compensation Procedures.

(b) Each Notice Party will have until 4:00 p.m. (prevailing Eastern Time) on the 20th day (or the next business day if such day is not a business day) after service of a Monthly Fee Application to object thereto (the "<u>Objection Deadline</u>").  Twenty-four (24) hours after the expiration of the Objection Deadline, each Professional may file a certificate of no objection with the Court, after which the Debtors are authorized and directed to promptly pay the Professional an amount equal to the lesser of (a) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application (the "<u>Maximum Monthly Payment</u>") or (b) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application  (the "<u>Reduced Monthly Payment</u>") that are not subject to an Objection (as defined below).

(c) If any Notice Party objects to a Professional's Monthly Fee Application, the objecting party must file with the Court on or before the Objection Deadline a written objection (the "Objection") delineating with particularity the reasons for the Objection to any particular time entry or task in question and serve such Objection on the affected Professional and each of the Notice Parties so that such Objection is received on or before the Objection Deadline. Thereafter, the objecting party and the Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within 20 days after service of the Objection, the Professional may either; (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Reduced Monthly Payment made to the affected Professional (the "Incremental Amount") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection, if requested by the parties.

(d) At three-month intervals (the "Interim Fee Period"), each of the Professionals may file with the Court and serve on the Notice Parties a request (an "Interim Fee Application") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. Each Professional must file its Interim Fee Application within 45 days after the end of the Interim Fee Period for which the request seeks allowance of compensation and reimbursement of expenses. The first Interim Fee Application should cover the Interim Fee Period from the Petition Date through and including April 30, 2019.

(e) The Interim Fee Application, which shall be substantially in the form attached to the Proposed Order as **Exhibit A**, must include (i) the Professional seeking compensation; (ii) the Interim Fee Period; (iii) the amount of compensation and expenses sought; (iv) the amount of fees and expenses paid to date or subject to an Objection; (v) the Objection Deadline applicable to the Interim Fee Application; and (vi) any other information requested by the Court or required by the Local Rules. The Interim Fee Application need not include the narrative discussion generally included in Monthly Fee Applications.

(f) Objections, if any, to the Interim Fee Application shall be filed and served upon the affected Professional and Notice Parties so as to be received on or before the 20th day (or the next business day if such

        day is not a business day) following service of the applicable Interim Fee Application.

    (g)    The Debtors shall request that the Court schedule a hearing on the Interim Fee Applications at least once every three months, or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing upon the Professional's filing of a certificate of no objection. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

    (h)    The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures. Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application when due or permitted will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as a Monthly Fee Application or Interim Fee Application is submitted by the Professional. There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application in a timely manner.

    (i)    Neither the payment of nor the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures, nor the filing of or failure to file an Objection, will bind any party-in-interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to the Professionals under these Compensation Procedures are subject to disgorgement until final allowance by the Court.

10. By this Motion, the Debtors also request that each member of the Committee be permitted to submit statements of expenses (excluding third-party counsel expenses of individual Committee members) with supporting vouchers to Committee counsel, which counsel shall collect and submit the Committee member's request for reimbursement in accordance with the Compensation Procedures. Approval of these Compensation Procedures, however, will not

authorize payment of such expenses to the extent that such payment is not authorized under the Bankruptcy Code, Bankruptcy Rules, Local Rules, or the practice of this Court.

11. By this Motion, the Debtors further request that the Court limit the notice of Monthly Fee Applications, Interim Fee Applications, and final fee applications (the "Final Fee Applications," and, together with the Monthly Fee Applications and Interim Fee Applications, the "Applications") to the Notice Parties. The Debtors further request that all other parties that have filed a notice of appearance with the Clerk of the Court and requested notice of pleadings in these cases be entitled to receive only notice of hearings on the Applications (collectively, the "Hearing Notices"). Providing notice of Applications in such manner will allow the parties most active in these cases to review and object to professional fees and will save the expense that would be incurred in duplication and mailing costs.

12. The Debtors will include all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating reports, identifying the amount paid to each Professional.

13. The procedures proposed herein will enable the Debtors to closely monitor the costs of administration and implement efficient cost-management procedures. In addition, these proposed Compensation Procedures will allow the Court and the key parties in interest, including the U.S. Trustee, to more efficiently monitor the compensation and reimbursement of Professionals.

**RELIEF REQUESTED**

14. By this Motion, the Debtors seek entry of an order, pursuant to sections 105(a), 327, 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2, establishing procedures for interim compensation and reimbursement of expenses of court-

approved professionals (each a "Professional" and collectively, the "Professionals"). The Professionals seeking compensation will be required to file fee applications with the Court pursuant to sections 330 and 331 of the Bankruptcy Code on terms that satisfy the requirements of Local Rule 2016-2. Additionally, the Debtors seek approval of a procedure for reimbursement of reasonable out-of-pocket expenses incurred by members of any statutory committee appointed in these cases.

15.     The Debtors respectfully submit that an order establishing compensation procedures for the Professionals will streamline the compensation process and enable the Court and other parties to monitor more effectively the fees incurred in these cases.

## BASIS FOR RELIEF REQUESTED

16.     Section 331 of the Bankruptcy Code provides:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331.

17.     The implementation of the Compensation Procedures is justified in these cases. Absent streamlined Compensation Procedures, the professional fee application and review process would be burdensome on the Debtors, the Professionals, and this Court. The Compensation Procedures suggested herein will enable all parties to closely monitor costs of administration while permitting the Debtors to maintain a more predictable cash flow and an efficient cash management system. The Debtors, therefore, respectfully submit that the relief requested by this Motion is warranted in these cases.

## **NOTICE**

18. Notice of this Motion has been given to (i) the U.S. Trustee; (ii) proposed counsel to the Committee; (iii) the Prepetition ABL Agent and DIP Agent; (iv) King & Spalding, LLP, as counsel to the Prepetition Term Agent and certain of the Prepetition Term Lenders; and (v) all parties who, as of the filing of this Motion, have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary.

[*Remainder of page intentionally left blank.*]

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form of the Proposed Order attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: February 20, 2019
　　　　Wilmington, Delaware

　　　　　　　　　　　　　　　　　BAYARD, P.A.

　　　　　　　　　　　　　　　　　*/s/ Daniel N. Brogan*
　　　　　　　　　　　　　　　　　Justin R. Alberto (No. 5126)
　　　　　　　　　　　　　　　　　Erin R. Fay (No. 5268)
　　　　　　　　　　　　　　　　　Daniel N. Brogan (No. 5723)
　　　　　　　　　　　　　　　　　600 North King Street, Suite 400
　　　　　　　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　　　　　　　Telephone: (302) 655-5000
　　　　　　　　　　　　　　　　　Facsimile: (302) 658-6395
　　　　　　　　　　　　　　　　　Email: jalberto@bayardlaw.com
　　　　　　　　　　　　　　　　　　　　　efay@bayardlaw.com
　　　　　　　　　　　　　　　　　　　　　dbrogan@bayardlaw.com

　　　　　　　　　　　　　　　　　　- and -

　　　　　　　　　　　　　　　　　**COOLEY LLP**
　　　　　　　　　　　　　　　　　Seth Van Aalten
　　　　　　　　　　　　　　　　　Michael Klein
　　　　　　　　　　　　　　　　　Summer M. McKee
　　　　　　　　　　　　　　　　　1114 Avenue of the Americas
　　　　　　　　　　　　　　　　　New York, New York 10036
　　　　　　　　　　　　　　　　　Telephone: (212) 479-6000
　　　　　　　　　　　　　　　　　Facsimile: (212) 479-6275
　　　　　　　　　　　　　　　　　Email: svanaalten@cooley.com
　　　　　　　　　　　　　　　　　　　　　mklein@cooley.com
　　　　　　　　　　　　　　　　　　　　　smckee@cooley.com

　　　　　　　　　　　　　　　　　*Proposed Co-Counsel for the Debtors*
　　　　　　　　　　　　　　　　　*and Debtors in Possession*