**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>CHARLOTTE RUSSE HOLDING, INC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 19- 10210 (LSS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 17, 170, 171** |

**ORDER (I) APPROVING BID AND SALE PROCEDURES, (II) APPROVING CERTAIN BIDDING PROTECTIONS, (III) APPROVING THE FORM AND MANNER OF NOTICE OF THE SALE AND ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (IV) SCHEDULING AN AUCTION AND SALE HEARING**

Upon the motion (the "Motion"),[2] of Charlotte Russe Holding, Inc. and its chapter 11 affiliates, the debtors and debtors in possession (the "Debtors") in the above-captioned jointly administered chapter 11 cases (the "Cases"), seeking, pursuant to sections 105, 363, 365, 503 and 507 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, 9007, 9008 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2002-1, 6004-1 and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), an order (i) authorizing and approving the procedures that are attached hereto as Annex 1 (the "Bidding Procedures") for the sale of certain of the Debtors' assets (the "Sale"), (ii) scheduling an Auction and Sale Hearing in connection with the Sale, and (iii) approving the form and manner of notice of the Auction and the Sale Hearing; the Court having reviewed the Motion and conducted a hearing to consider the

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Charlotte Russe Holding, Inc. (4325); Charlotte Russe Holdings Corporation (1045); Charlotte Russe Intermediate Corporation (6345); Charlotte Russe Enterprise, Inc. (2527); Charlotte Russe, Inc. (0505); Charlotte Russe Merchandising, Inc. (9453); and Charlotte Russe Administration, Inc. (9456). The Debtors' headquarters are located at 5910 Pacific Center Boulevard, Suite 120, San Diego, CA 92121.

[2] Capitalized terms not otherwise defined in this Order shall have the meanings given to them in the Motion or the Bidding Procedures, as applicable.

relief requested therein regarding the Bidding Procedures and related matters (the "Bidding Procedures Hearing"); and the Court having considered the First Day Declaration, the *Declaration of Stuart Erickson in Support of the Debtors' Bidding Procedures and Sale Motion*, and the statements of counsel and the evidence presented at the Bidding Procedures Hearing, it is hereby **FOUND AND DETERMINED THAT**:[3]

A. The Court has jurisdiction over this matter and over the property of the Debtors and their respective bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O). The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105, 363, 365 and Fed. R. Bankr. P. 2002, 6004, 6006, 9007, 9008, and 9014. Venue of these Cases and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The Debtors have offered good and sufficient reasons for, and the best interests of their estates will be served by, this Court granting the Motion to the extent provided in this Order, including approval of (i) the Bidding Procedures, attached hereto as Annex 1, (ii) the contractual joint venture comprised of Gordon Brothers Retail Partners, LLC and Hilco Merchant Resources, LLC (together, the "Stalking Horse Bidder") as the stalking horse pursuant to that certain Agency Agreement by and between the Debtors and the Stalking Horse Bidder, dated February 17, 2019 (the "Stalking Horse Agreement"), (iii) the procedures described below for the determination of the amounts necessary to cure defaults under the Assumed and Assigned Agreements so as to

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. All findings of fact and conclusions of law announced by the Court at the Bidding Procedures Hearing are hereby incorporated herein to the extent not inconsistent herewith.

permit the assumption and assignment under section 365 of the Bankruptcy Code of the Assumed and Assigned Agreements, and (iv) the form and manner of notice of the Auction and Sale Hearing described in the Motion and this Order.

C. Good and sufficient notice of the relief sought in the Motion has been given under the circumstances, and no further notice is required except as set forth herein with respect to the Auction and the Sale Hearing. Subject to the immediately preceding sentence, a reasonable opportunity to object or to be heard regarding the relief requested in the Motion was afforded to all interested persons and entities.

D. In accordance with Local Rules 6004-1(c), Debtors have properly filed and noticed the Motion. The issuance and immediate effectiveness of this Order as of the date hereof, including approval of the Bidding Procedures and the Break-up Fee and Expense Reimbursement (Break-up Fee and Expense Reimbursement each as defined in the Stalking Horse Agreement, together, the "Bid Protections") are supported by evidence of compelling business justifications and other circumstances demonstrating that the relief granted by this Order is necessary to prevent immediate and irreparable harm to the Debtors and their estates.

E. The Bid Protections are (i) actual and necessary costs and expenses of preserving the Debtors' estates entitled to administrative expense status pursuant to 503(b)(1) of the Bankruptcy Code; (ii) commensurate with the real and substantial benefits conferred upon the Debtors' estates by the Stalking Horse Agreement; (iii) fair, reasonable and appropriate in light of the size and nature of the proposed Sale and comparable transactions; and (iv) necessary to induce the Stalking Horse Bidder to proceed with the Sale.

F. The proposed notice of the Auction, the Sale Hearing and the Bidding Procedures and the Assumption and Assignment Notice, attached hereto as Annex 2 and 3, as set forth in the

Motion and this Order, is appropriate and sufficient, and is reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the Sale Hearing, the Bidding Procedures, and the assumption and assignment of executory contracts and unexpired leases, and no other or further notice shall be required for the Sale or the assumption and assignment of executory contracts and unexpired leases.

G. The Stalking Horse Bidder is not an "insider" or "affiliate" of any of the Debtors, as such terms are defined in section 101 of the Bankruptcy Code, and no common identity of incorporators, directors, or controlling stockholders exists between the Stalking Horse Bidder and the Debtors.

H. The Bidding Procedures and Bid Protections were negotiated in good faith and at arms' length.

I. The Bidding Procedures and Bid Protections are fair, reasonable and appropriate under the circumstances and are reasonably designed to maximize the value to be achieved for the Assets.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent provided herein.

2. All objections to the entry of this Order or to the relief provided herein that have not been withdrawn with prejudice, waived, resolved or settled are hereby denied and overruled on the merits with prejudice.

3. The Bidding Procedures, as attached as Annex 1, are hereby approved, are incorporated herein by reference, and shall govern all bids and bid proceedings relating to the Assets. The Debtors and their claims agent are authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

4. The Bid Protections are approved. The Debtors are authorized and directed to pay, without further order of the Court, to the Stalking Horse Bidder in accordance with the Stalking Horse Agreement, the Bid Protections in the event they are payable under the terms of the Stalking Horse Agreement. The Debtors' obligations to pay the Bid Protections and other amounts payable to the Stalking Horse Bidder under the Stalking Horse Agreement shall survive cancellation or termination of the Stalking Horse Agreement. The Stalking Horse Bidder shall have allowed administrative expense claims for any amounts payable to them on account of the Bid Protections pursuant to section 503(b)(1) of the Bankruptcy Code.

5. Neither the Debtors, the Prepetition Term Loan Agent, the Prepetition Term Loan Lenders, the DIP Lenders, the DIP Agent (each as defined in the Stalking Horse Agreement), the Official Committee of Unsecured Creditors, nor any other party shall agree to pay, and no Qualified Bidder, other than the Stalking Horse Bidder, shall be granted, entitled to payment of, or receive any break-up fee, expense reimbursement, topping fee, bidding fee, or other consideration in exchange for bidding (collectively, "Bidding Fees") at or prior to the Auction absent prior order of the Court approving such Bidding Fees.

6. The Stalking Horse Bidder is deemed to be a Qualified Bidder for all purposes, and the Stalking Horse Agreement is deemed to be a Qualified Bid for all purposes.

7. The deadline for submitting a Qualified Bid shall be March 3, 2019 at 4:00 p.m. (prevailing Eastern Time), unless extended by the Debtors pursuant to the Bidding Procedures (the "Bid Deadline"), provided that the Debtors, with the consent of the DIP Agent, may extend the Bid Deadline without further order of the Court.

8. Within 24 hours of receipt of a Qualified Bid and in no event more than 24 hours after the Bid Deadline, the Debtors shall provide, on a confidential basis, adequate assurance

information for each Qualified Bidder to any counterparty whose contract would be assumed pursuant to such Qualified Bidder's proposed Purchase Agreement.

9. All bidders submitting a Qualified Bid are deemed to have submitted to the exclusive jurisdiction of this Court with respect to all matters related to the Auction and the terms and conditions of the transfer of the Assets.

10. If at least two Qualified Bids in respect of the Assets are received by the Bid Deadline, the Debtors shall conduct the Auction. The Auction will take place at the offices of Bayard, P.A., 600 N. King Street, Suite 400, Wilmington, Delaware 19801 on March 5, 2019 at 10:00 a.m. (prevailing Eastern Time) or such other place or time as the Debtors, with the consent of the DIP Agent, shall designate and notify to all Qualified Bidders, the Committee and the Prepetition Term Agent. Only Qualified Bidders will be permitted to participate in the Auction. The DIP Agent and the Prepetition Agents (each as defined in the DIP Order) are deemed to be a Qualified Bidder for all purposes, and shall be entitled (together with their respective retained professionals) to participate in the Auction. Any creditor that desires to attend the Auction must make a request to do so, in accordance with the Bidding Procedures, no later than 48 hours preceding the Auction.

11. The DIP Agent and the Prepetition Agents shall be entitled to credit bid all or a portion of their respective DIP Obligations or Prepetition Secured Obligations (each as defined in the DIP Order) for the Assets at any such auction, in each case in accordance with their respective rights under section 363(k) of the Bankruptcy Code and the DIP Order.

12. Each Qualified Bidder participating at the Auction will be required to confirm in writing, that (a) it has not engaged in any collusion with respect to the bidding process, and (b) its

Qualified Bid is a good faith *bona fide* offer that it intends to consummate if selected as the Successful Bidder.

13. The Auction will be conducted openly and will be transcribed or videotaped, at the Debtors' option.

14. As soon as practicable following the conclusion of the Auction, but no later than 12 hours thereafter, the Debtors will file a notice identifying the Successful Bidder and the Next-Highest Bidder.

15. The Court shall convene the Sale Hearing on March 6, 2019 at 1:00 p.m. (prevailing Eastern Time) or as soon thereafter as counsel and interested parties may be heard, at which time the Court will consider approval of the Sale to the Successful Bidder(s) and the entry of the Sale Order. At the Sale Hearing, the Debtors will seek the entry of the Sale Order approving and authorizing the Sale to the Successful Bidder(s). In the event that the bid of the Next-Highest Bidder contemplates a full chain liquidation, the Debtors shall also seek (i) to designate such bid as the Next-Highest Bid at the Sale Hearing; and (ii) the authority to consummate the Sale with the Next-Highest Bidder in the event the Sale to the Successful Bidder is not consummated, without further order of the Court. In the event that the Next-Highest Bid provides for a going concern transaction, the Debtors shall not seek the authority to consummate such transaction in the event the Sale to the Successful Bidder is not consummated, without further order of the Court. The Debtors shall file a form of Sale Order as soon as practicable following entry of this Order. Subject to consultation with the Consultation Parties, and with the consent of the DIP Agent, the Debtors may adjourn the Sale Hearing from time to time without further notice to creditors or other parties in interest other than by announcement of said adjournment at the Sale Hearing or in notice or agenda filed with the Court.

16. Objections to approval of the Sale, including the Sale of the Debtors' Assets free and clear of liens, claims, encumbrances and interests pursuant to section 363(f) of the Bankruptcy Code, must be in writing, state the basis of such objection with specificity and be filed with this Court and served so as to be received on or before March 4, 2019 at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline") by:

(a) Charlotte Russe, Inc., 575 Florida Street, San Francisco, CA 94110 (Attn: Marie Satterfield, Esq.), email: marie.satterfield@charlotterusse.com;

(b) counsel to the Debtors, (i) Cooley LLP, 1114 Avenue of the Americas, New York, NY 10036 (Attn: Seth Van Aalten, Esq. and Michael A. Klein, Esq.), email: svanaalten@cooley.com and mklein@cooley.com; (ii) Bayard, P.A., 600 North King Street, Suite 400, P.O. Box 25130, Wilmington, DE (Attn: Justin Alberto, Esq. and Erin Fay, Esq.) email: jalberto@bayardlaw.com and efay@bayardlaw.com;

(c) counsel to the Prepetition ABL Agent and the DIP Agent, (i) Morgan, Lewis & Bockius LLP, One Federal Street, Boston, MA 02110 (Attn: Julia Frost-Davies, Esq. and Christopher L. Carter, Esq.), email: julia.frost-davies@morganlewis.com and christopher.carter@morganlewis.com; and (ii) Richards, Layton & Finger, PA, One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Mark D. Collins, Esq.), email: collins@rlf.com;

(d) counsel to the Prepetition Term Agent (i) King & Spalding LLP, 1185 Avenue of the Americas, New York, NY 10036 (Attn: Michael Collins Rupe, Esq. and W. Austin Jowers, Esq.), email: mrupe@kslaw.com and ajowers@kslaw.com;

(e) counsel to the Steering Committee, (King & Spalding LLP, 1185 Avenue of the Americas, New York, NY 10036 (Attn: Michael Collins Rupe, Esq. and W. Austin Jowers, Esq.), email: mrupe@kslaw.com and ajowers@kslaw.com;

(f) counsel to the Official Committee of Unsecured Creditors, Whiteford, Taylor & Preston LLC, The Renaissance Centre, Suite 500, 405 North King Street, Wilmington, DE (Attn: Christopher Samis, Esq. and Katherine Good, Esq.), email: csamis@wtplaw.com and kgood@wtplaw.com;

(g) counsel to the Stalking Horse Bidder, Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, P.O. Box 1709, Wilmington, Delaware, 19899-1709 (Attn: Douglas Herrmann, Esq. and Marcy McLaughlin, Esq.), email: herrmannd@pepperlaw.com and mclaughlinm@pepperlaw.com; and

(h) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Jane Leamy), email: Jane.M.Leamy@usdoj.gov) (collectively, the "Notice Parties").

Failure to timely file an objection in accordance with this Order shall forever bar the assertion of any objection to the Motion, entry of the Sale Order, or consummation of the Sale, and shall be deemed to constitute consent to entry of the Sale Order and consummation of the Sale and all transactions related thereto including, without limitation, for purposes of section 363(f) of the Bankruptcy Code. For the avoidance of doubt, if the Stalking Horse Bidder is not the Successful Bidder, any and all objections related to the identity of the Successful Bidder may be raised at the Sale Hearing.

17. On February 21, 2019, the Debtors will file an Assumption and Assignment Notice, which shall include a schedule of cure obligations (the "Cure Schedule") for the Assumed and Assigned Agreements, and serve such Assumption and Assignment Notice on each of the non-Debtor parties listed therein by first class mail, or where possible, by email. The Cure Schedule will include a description of each Assumed and Assigned Agreement potentially to be assumed and assigned by a potential buyer and the amount, if any, the Debtors believe is necessary to cure, or compensate the non-Debtor parties for, any defaults under such agreements pursuant to section 365 of the Bankruptcy Code (the "Cure Costs").

18. Objections to (a) the Cure Costs set forth in the Cure Schedule or (b) the assumption and assignment of any executory contract or unexpired lease identified in the Cure Schedule, including on any basis other than adequate assurance of future performance, must be in writing, state the basis of such objection with specificity and be filed with the Court, and be actually received on or before March 7, 2019 at 4:00 p.m. (prevailing Eastern Time) by the Notice Parties, and a hearing to consider any such unresolved objections shall be March 18, 2019 at 2:00 p.m.

(prevailing Eastern Time). Objections related to adequate assurance of future performance must be in writing, state the basis of such objection with specificity and be filed with the Court, and be actually received on or before March 11, 2019 at 12:00 p.m. (prevailing Eastern Time) by the Notice Parties, and a hearing to consider any such unresolved objections shall be March 18, 2019 at 2:00 p.m. (prevailing Eastern Time).

19. Unless a non-Debtor party to an Assumed and Assigned Agreement has timely and properly filed and served an objection to the assumption and assignment of its Assumed and Assigned Agreement, all counterparties to the Assumed and Assigned Agreements shall (a) be forever barred from objecting to the Cure Costs and from asserting any additional cure or other amounts with respect to the Assumed and Assigned Agreements, and the Debtors and the Successful Bidder shall be entitled to rely solely upon the Cure Costs set forth in the Cure Schedule; (b) be deemed to have consented to the assumption and assignment; and (c) be forever barred, estopped and permanently enjoined from asserting or claiming against the Debtors, the Successful Bidder or their respective property that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under such Assumed and Assigned Agreement or that there is any objection or defense to the assumption and assignment of such Assumed and Assigned Agreement. In addition, the Cure Costs set forth in the Cure Schedule shall be binding upon the non-Debtor parties to the Assumed and Assigned Agreements for all purposes in these Cases and otherwise, and will constitute a final determination of the total Cure Costs required to be paid by the Debtors in connection with the assumption and assignment of the Assumed and Assigned Agreements; *provided, however,* that the Cure Cost set forth in the Cure Schedule may be reduced by any amounts Debtors pay or value Debtors provide under an Assumed and Assigned Agreement on or after the Petition Date or by agreement of the parties.

20. Where a non-Debtor counterparty to an Assumed and Assigned Agreement files an objection asserting a cure amount higher than the proposed Cure Amounts (the "Disputed Cure Amounts"), then (a) to the extent that the parties are able to consensually resolve the Disputed Cure Amounts, the Cure Amounts shall be as agreed between the parties, or (b) to the extent the parties are unable to consensually resolve the dispute prior to March 18, 2019 at 2:00 p.m., then such objection will be heard at such hearing or at such other date and time as may be fixed by this Court.

21. The form of the Auction and Hearing Notice and the Assumption and Assignment Notice are hereby approved and appropriate and sufficient for all purposes and no other or further notice shall be required. No finding or ruling is made in this Order as to the merits of any motion for approval of the Sale. Within one (1) business day of the entry of this Order or as soon thereafter as practicable, the Debtors shall cause the Auction and Hearing Notice to be served upon, without limitation, (i) the U.S. Trustee; (ii) counsel to any Committee; (iii) counsel to the Prepetition ABL Agent and the DIP Agent; (iv) counsel to the Prepetition Term Agent; (v) counsel to the Steering Committee; (vi) the attorneys general and consumer protections agencies in jurisdictions in which the Assets are located; (vii) all taxing authorities having jurisdiction over any of the Assets, including the Internal Revenue Service; (viii) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002(i); (ix) all parties that are known or reasonably believed to have expressed an interest in acquiring the Assets; (x) all parties that are known or reasonably believed by the Debtors to have asserted any lien, encumbrance, claim or other interest in the Assets; (xi) all governmental agencies that are known or reasonably believed by the Debtors to be an interested party with respect to the Sale and the related transactions; and (xii) all non-Debtor parties to the Debtors' real property leases.

22. All Interested Parties (whether or not Qualified Bidders) that participate in the Bidding Process shall be deemed to have knowingly and voluntarily (a) consented to the entry of a final order by this Court in connection with the Motion or this Order (including any disputes relating to the Bidding Process, the Auction and/or the Sale) to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution and (b) waived any right to jury trial in connection with any disputes relating to the any of the foregoing matters.

23. This Order and the Bidding Procedures shall be binding upon, and inure to the benefit of, the Debtors, the Stalking Horse Bidder, the Debtors' estates and all parties in interest, and the Stalking Horse Bidder shall have standing in the Debtors' Cases with respect thereto.

24. The requirements set forth in Local Rules 6004-1 and 9013-1 are hereby satisfied, modified, or waived.

25. Notwithstanding any applicability of Bankruptcy Rule 6004(h), 6006(d), 7052 or 9014, this Order shall be immediately effective and enforceable upon entry of this Order. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

26. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

**Dated: February 21st, 2019**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**