**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Charlotte Russe Holding, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 19-10210 (LSS)<br><br>(Jointly Administered) |

**NOTICE OF AGENDA OF MATTERS SCHEDULED FOR**
**HEARING ON MARCH 6, 2019 AT 1:00 P.M. (ET)[2]**

**I. MATTERS WITH CERTIFICATE OF NO OBJECTION OR CERTIFICATION OF COUNSEL**

1.  Debtors' Motion for Entry of Interim and Final Orders Authorizing Payment of Certain Prepetition Shipping, Delivery, and Warehousemen Charges [Filing Date: 2/3/19; D.I. 8]

    Related Documents:

    a.  Interim Order Authorizing Payment of Certain Prepetition Shipping, Delivery, and Warehousemen Charges [Date Entered: 2/5/19; D.I. 80]

    b.  Notice of Entry of Interim Order and Final Hearing Regarding Debtors' Motion for Entry of Interim and Final Orders Authorizing Payment of Certain Prepetition Shipping, Delivery, and Warehousemen Charges [Filing Date: 2/6/19; D.I. 109]

    c.  Certification of Counsel Regarding Debtors' Motion for Entry of Interim and Final Orders Authorizing Payment of Certain Prepetition Shipping, Delivery, and Warehousemen Charges [Filing Date: 3/1/19; D.I. 246]

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Charlotte Russe Holding, Inc. (4325); Charlotte Russe Holdings Corporation (1045); Charlotte Russe Intermediate Corporation (6345); Charlotte Russe Enterprise, Inc. (2527); Charlotte Russe, Inc. (0505); Charlotte Russe Merchandising, Inc. (9453); and Charlotte Russe Administration, Inc. (9456). The Debtors' headquarters are located at 5910 Pacific Center Boulevard, Suite 120, San Diego, CA 92121.

[2] Please note that the hearing is before the Honorable Laurie Selber Silverstein in the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 6th Floor, Courtroom No. 2, Wilmington, Delaware 19801. Any person who wishes to appear must contact COURTCALL, LLC at 866-582-6878 no later than 12:00 p.m. (ET) one business day prior to the hearing. Chambers must be contacted regarding any late requests for telephonic appearances.

        Response Deadline:    February 27, 2019 at 4:00 p.m. (ET), extended for the Official Committee of Unsecured Creditors (the "Committee") until February 28, 2019 at 4:00 p.m.

        Responses Received:

        a. Informal comments from the Committee.

        Status:    A revised order has been filed under certification of counsel resolving this matter. A hearing with respect to this matter is only required to the extent that the Court has any questions or concerns.

2. Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Continued Use of Cash Management System, (II) Authorizing Continued Use of Existing Business Forms, (III) Authorizing the Continuation of Intercompany Transactions, (IV) Granting Administrative Priority Status to Post-Petition Intercompany Transactions, (V) Authorizing Use of Prepetition Bank Accounts, Account Control Agreements, and Certain Payment Methods, and (VI) Temporarily Suspending the Requirements of 11 U.S.C. § 345(b) [Filing Date: 2/3/19; D.I. 9]

    Related Documents:

    a. Interim Order (I) Authorizing Continued Use of Cash Management System, (II) Authorizing Continued Use of Existing Business Forms, (III) Authorizing the Continuation of Intercompany Transactions, (IV) Granting Administrative Priority Status to Post-Petition Intercompany Transactions, (V) Authorizing Use of Prepetition Bank Accounts, Account Control Agreements, and Certain Payment Methods, and (VI) Temporarily Suspending the Requirements of 11 U.S.C. § 345(b) [Date Entered: 2/5/19; D.I. 81]

    b. Notice of Entry of Interim Order and Final Hearing Regarding Debtors' Motion For Entry of Interim and Final Orders (I) Authorizing Continued Use of Cash Management System, (II) Authorizing Continued Use of Existing Business Forms, (III) Authorizing the Continuation of Intercompany Transactions, (IV) Granting Administrative Priority Status to Post-Petition Intercompany Transactions, (V) Authorizing Use of Prepetition Bank Accounts, Account Control Agreements, and Certain Payment Methods, and (VI) Temporarily Suspending the Requirements of 11 U.S.C. § 345(b) [Filing Date: 2/6/19; D.I. 110]

    c. Certificate of No Objection Regarding Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Continued Use of Cash Management System, (II) Authorizing Continued Use of Existing Business Forms, (III) Authorizing the Continuation of Intercompany Transactions, (IV) Granting Administrative Priority Status to Post-Petition Intercompany Transactions, (V)

        Authorizing Use of Prepetition Bank Accounts, Account Control Agreements, and Certain Payment Methods, and (VI) Temporarily Suspending the Requirements of 11 U.S.C. § 345(b) [Filing Date: 2/28/19; D.I. 233]

       d. Proposed Form of Order

       Response Deadline:   February 27, 2019 at 4:00 p.m. (ET)

       Responses Received:  None.

       Status:   A certificate of no objection has been filed with regard to this matter. A hearing with respect to this matter is only required to the extent that the Court has any questions or concerns.

3.   Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Payment of Prepetition Sales, Use, and Franchise Taxes and Similar Taxes and Fees And (II) Authorizing Banks and Other Financial Institutions to Receive, Process, Honor, and Pay Checks Issued and Electronic Payment Requests Made Relating to the Foregoing [Filing Date: 2/3/19; D.I. 10]

       Related Documents:

       a. Interim Order (I) Authorizing the Payment of Prepetition Sales, Use, and Franchise Taxes and Similar Taxes and Fees And (II) Authorizing Banks and Other Financial Institutions to Receive, Process, Honor, and Pay Checks Issued and Electronic Payment Requests Made Relating to the Foregoing [Date Entered: 2/5/19; D.I. 82]

       b. Notice of Entry of Interim Order and Final Hearing Regarding Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Payment of Prepetition Sales, Use, and Franchise Taxes and Similar Taxes and Fees And (II) Authorizing Banks and Other Financial Institutions to Receive, Process, Honor, and Pay Checks Issued and Electronic Payment Requests Made Relating to the Foregoing [Filing Date: 2/6/19; D.I. 111]

       c. Certificate of No Objection Regarding Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Payment of Prepetition Sales, Use, and Franchise Taxes and Similar Taxes and Fees And (II) Authorizing Banks and Other Financial Institutions to Receive, Process, Honor, and Pay Checks Issued and Electronic Payment Requests Made Relating to the Foregoing [Filing Date: 2/28/19; D.I. 234]

       d. Proposed Form of Order

       Response Deadline:   February 27, 2019 at 4:00 p.m. (ET)

      Responses Received:  None

      Status: A certificate of no objection has been filed with regard to this matter. A hearing with respect to this matter is only required to the extent that the Court has any questions or concerns.

4. Debtors' Motion for Entry of Interim and Final Orders (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (IV) Granting Related Relief [Filing Date: 2/3/19; D.I. 11]

    Related Documents:

    a. Interim Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (IV) Granting Related Relief [Date Entered: 2/6/19; D.I. 101]

    b. Notice of Entry of Interim Order and Final Hearing Regarding Debtors' Motion for Entry of Interim and Final Orders (I) Approving the Debtors Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors Proposed Procedures For Resolving Adequate Assurance Requests, and (IV) Granting Related Relief [Filing Date: 2/6/19; D.I. 112]

    c. Notice of Withdrawal of Objection to the Debtors Motion For Entry of Interim and Final Orders (I) Approving the Debtors Proposed Adequate Assurance of Payment For Future Utility Services, (II) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors Proposed Procedures For Resolving Adequate Assurance Requests, and (IV) Granting Related Relief [Filing Date: 3/4/19; D.I. 259]

    d. Certification of Counsel Regarding Debtors' Motion For Entry of Interim and Final Orders (I) Approving the Debtors Proposed Adequate Assurance of Payment For Future Utility Services, (II) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors Proposed Procedures For Resolving Adequate Assurance Requests, and (IV) Granting Related Relief [Filing Date: 3/4/19; D.I. 263]

Response Deadline:    February 27, 2019 at 4:00 p.m. (ET)

Responses Received:

a. Objection of Certain Utility Companies to the Debtors Motion for Entry of Interim and Final Orders (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (IV) Granting Related Relief [Filing Date: 2/25/19; D.I. 213]

b. Informal comments from the Committee

Status:    The Debtors have resolved the formal objection and it has been withdrawn. A revised order has been filed under certification of counsel resolving the informal comments to this matter. A hearing with respect to this matter is only required to the extent that the Court has any questions or concerns.

5. Motion for Interim and Final Orders Authorizing (I) Payment of Wages, Compensation and Employee Benefits and (II) Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations [Filing Date: 2/3/19; D.I. 12]

Related Documents:

a. Interim Order Authorizing (I) Payment of Wages, Compensation and Employee Benefits and (II) Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations [Date Entered: 2/5/19; D.I. 83]

b. Notice of Entry of Interim Order and Final Hearing Regarding Motion for Interim and Final Orders Authorizing (I) Payment of Wages, Compensation and Employee Benefits and (II) Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations [Filing Date: 2/6/19; D.I. 113]

c. Certificate of No Objection Regarding Motion for Interim and Final Orders Authorizing (I) Payment of Wages, Compensation and Employee Benefits and (II) Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations [Filing Date: 2/28/19; D.I. 235]

d. Proposed Form of Order

Response Deadline:    February 27, 2019 at 4:00 p.m. (ET)

Responses Received:  None

Status:    A certificate of no objection has been filed with regard to this matter. A hearing with respect to this matter is only required to the extent that the Court has any questions or concerns.

6. Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing (A) Continuation of, and Payment of Prepetition Obligations Incurred in the Ordinary Course of Business in Connection with Various Insurance Policies, (B) Continuation of, and Payment of Prepetition Obligations Incurred in the Ordinary Course of Business in Connection with Insurance Premium Financing Programs, and (C) Maintenance of the Customs Surety Bonds and (II) Authorizing Banks to Honor and Process Checks and Electronic Transfer Requests Related Thereto [Filing Date: 2/3/19; D.I. 13]

   Related Documents:

   a. Interim Order (I) Authorizing (A) Continuation of, and Payment of Prepetition Obligations Incurred in the Ordinary Course of Business in Connection with Various Insurance Policies, (B) Continuation of, and Payment of Prepetition Obligations Incurred in the Ordinary Course of Business in Connection with Insurance Premium Financing Programs, and (C) Maintenance of the Customs Surety Bonds and (II) Authorizing Banks to Honor and Process Checks and Electronic Transfer Requests Related Thereto [Date Entered: 2/5/19; D.I. 85]

   b. Notice of Entry of Interim Order and Final Hearing Regarding Debtors' Motion For Entry of Interim and Final Orders (I) Authorizing (A) Continuation of, and Payment of Prepetition Obligations Incurred in the Ordinary Course of Business in Connection with Various Insurance Policies, (B) Continuation of, and Payment of Prepetition Obligations Incurred in the Ordinary Course of Business in Connection with Insurance Premium Financing Programs, and (C) Maintenance of the Customs Surety Bonds and (II) Authorizing Banks to Honor and Process Checks and Electronic Transfer Requests Related Thereto [Filing Date: 2/6/19; D.I. 114]

   c. Certification of Counsel Regarding Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing (A) Continuation of, and Payment of Prepetition Obligations Incurred in the Ordinary Course of Business in Connection with Various Insurance Policies, (B) Continuation of, and Payment of Prepetition Obligations Incurred in the Ordinary Course of Business in Connection with Insurance Premium Financing Programs, and (C) Maintenance of the Customs Surety Bonds and (II) Authorizing Banks to Honor and Process Checks and Electronic Transfer Requests Related Thereto [Filing Date: 3/1/19; D.I. 245]

   Response Deadline:    February 27, 2019 at 4:00 p.m. (ET)

Responses Received:

a.  Informal comments from the Committee.

Status:   A revised order has been filed under certification of counsel resolving this matter. A hearing with respect to this matter is only required to the extent that the Court has any questions or concerns.

7.  Debtors' Motion For Entry of an Order Establishing Procedures for the Rejection of Executory Contracts and Unexpired Leases [Filing Date: 2/4/19; D.I. 20]

    Related Documents:

    a.  Notice of Hearing Regarding Debtors' Motion for Entry of an Order Establishing Procedures for the Rejection of Executory Contracts and Unexpired Leases [Date Entered: 2/6/19; D.I. 120]

    b.  Certification of Counsel Regarding Debtors' Motion For Entry of an Order Establishing Procedures for the Rejection of Executory Contracts and Unexpired Leases [Filing Date: 3/1/19; D.I. 247]

    Response Deadline:    February 27, 2019 at 4:00 p.m. (ET)

    Responses Received:

    a.  Informal comments from the Committee.

    Status:   A revised order has been filed under certification of counsel resolving this matter. A hearing with respect to this matter is only required to the extent that the Court has any questions or concerns.

8.  Motion of the Debtors Pursuant to 11 U.S.C. § 365(d)(4) for Extension of the Time Period Within Which the Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property [Filing Date: 2/8/19; D.I. 128]

    Related Documents:

    a.  Certification of Counsel Regarding Motion to Extend Time Period Within Which the Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property [Filing Dated: 2/27/19; D.I. 226]

    Response Deadline:    February 22, 2019 at 4:00 p.m. (ET)

    Responses Received:

    a.  Informal comments from the Committee.

    b. Informal comments from counsel to certain landlords.

    Status:    A revised order has been filed under certification of counsel resolving this matter. A hearing with respect to this matter is only required to the extent that the Court has any questions or concerns

9. Debtors' Motion for Entry of an Orders Extending the Debtors' Deadline to File Schedules and Assets and Liabilities and Statements of Financial Affairs [Filing Date: 2/13/19; D.I. 146]

    Related Documents:

    a. Certificate of No Objection Regarding Debtors' Motion for Entry of an Orders Extending the Debtors' Deadline to File Schedules and Assets and Liabilities and Statements of Financial Affairs [Filing Date: 2/28/19; D.I. 236]

    b. Proposed Form of Order

    Response Deadline:    February 27, 2019 at 4:00 p.m. (ET)

    Responses Received:  None

    Status:    A certificate of no objection has been filed with regard to this matter. A hearing with respect to this matter is only required to the extent that the Court has any questions or concerns.

10. Debtors' Motion to Employ and Compensate Certain Professionals in the Ordinary Course of Business [Filing Date: 2/13/19; D.I. 147]

    Related Documents:

    a. Certification of Counsel Regarding Debtors' Motion to Employ and Compensate Certain Professionals in the Ordinary Course of Business [Filing Date: 3/1/19; D.I. 248]

    Response Deadline:    February 27, 2019 at 4:00 p.m. (ET), extended until February 28, 2019 at 4:00 p.m. for the Committee and the Office of the United States Trustee ("U.S. Trustee").

    Responses Received:

    a. Informal comments from the Committee.

    b. Informal comments from the U.S. Trustee.

      Status:    A revised order has been filed under certification of counsel resolving this matter.  A hearing with respect to this matter is only required to the extent that the Court has any questions or concerns.

11.    Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Cooley LLP as General Bankruptcy and Restructuring Lead Counsel for the Debtors and Debtors in Possession *Nunc Pro Tunc* to the Petition Date [Filing Date: 2/13/19; D.I. 148]

    Related Documents:

    a.    Certificate of No Objection Regarding Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Cooley LLP as General Bankruptcy and Restructuring Lead Counsel for the Debtors and Debtors in Possession *Nunc Pro Tunc* to the Petition Date [Filing Date: 2/28/19; D.I. 232]

    b.    Proposed Form of Order

    Response Deadline:    February 27, 2019 at 4:00 p.m. (ET)

    Responses Received:  None

    Status:    A certificate of no objection has been filed with regard to this matter.  A hearing with respect to this matter is only required to the extent that the Court has any questions or concerns.

12.    Application of Debtors to Employ and Retain Berkeley Research Group, LLC to Provide a Chief Restructuring Officer and Additional Personnel for the Debtors Pursuant to 11 U.S.C. § 363(b), *Nunc Pro Tunc* to the Petition Date [Filing Date: 2/13/19; D.I. 150]

    Related Documents:

    a.    Certification of Counsel Regarding Application of Debtors to Employ and Retain Berkeley Research Group, LLC to Provide a Chief Restructuring Officer and Additional Personnel for the Debtors Pursuant to 11 U.S.C. § 363(b), *Nunc Pro Tunc* to the Petition Date [Filing Date: 3/1/19; D.I. 254]

    Response Deadline:    February 27, 2019 at 4:00 p.m. (ET), extended until February 28, 2019 at 4:00 p.m. (ET) for the U.S. Trustee and the Committee.

    Responses Received:

    a.    Informal comments from the Committee.

        Status:     A revised order has been filed under certification of counsel resolving this matter. A hearing with respect to this matter is only required to the extent that the Court has any questions or concerns.

13. Debtors' Application Pursuant to 11 U.S.C. § 327 (a), Fed. R. Bankr. P. 2014 (a) and 2016, and Local Rules 2014-1 and 2016-1 for Entry of an Order Appointing Donlin, Recano & Company, Inc. as Administrative Advisor *Nunc Pro Tunc* to the Petition Date [Filing Date: 2/13/19; D.I. 151]

    Related Documents:

    a. Certificate of No Objection Regarding Debtors' Application Pursuant to 11 U.S.C. § 327 (a), Fed. R. Bankr. P. 2014 (a) and 2016, and Local Rules 2014-1 and 2016-1 for Entry of an Order Appointing Donlin, Recano & Company, Inc. as Administrative Advisor *Nunc Pro Tunc* to the Petition Date [Filing Date: 2/28/19; D.I. 237]

    b. Proposed Form of Order

    Response Deadline:   February 27, 2019 at 4:00 p.m. (ET)

    Responses Received:  None

    Status:   A certificate of no objection has been filed with regard to this matter. A hearing with respect to this matter is only required to the extent that the Court has any questions or concerns.

14. Application for Entry of an Order Pursuant to Sections 327 (a) and 328 (a) of the Bankruptcy Code, (I) Authorizing Employment and Retention of Malfitano Advisors, LLC as the Debtors' Asset Disposition Consultant *Nunc Pro Tunc* to the Petition Date, and (II) Granting Related Relief [Filing Date: 2/13/19; D.I. 152]

    Related Documents:

    a. Certificate of No Objection Regarding Application for Entry of an Order Pursuant to Sections 327 (a) and 328 (a) of the bankruptcy Code, (I) Authorizing Employment and Retention of Malfitano Advisors, LLC as the Debtors' Asset Disposition Consultant *Nunc Pro Tunc* to the Petition Date, and (II) Granting Related Relief [Filing Date: 2/28/19; D.I. 238]

    b. Proposed Form of Order

    Response Deadline:   February 27, 2019 at 4:00 p.m. (ET)

    Responses Received:  None.

      Status:    A certificate of no objection has been filed with regard to this matter. A hearing with respect to this matter is only required to the extent that the Court has any questions or concerns.

15. Application of Debtors for Entry of an Order, Pursuant to 11 U.S.C. § 327(a) and 328(a), Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2, (I) Authorizing the Retention and Employment of A&G Realty Partners, LLC as the Debtors' Real Estate Advisor, *Nunc Pro Tunc* to the Petition Date, (II) Waiving Certain Information Requirements of Local Rule 2016-2(d), and (III) Granting Related Relief [Filing Date: 2/13/19; D.I. 153]

    Related Documents:

    a. Certification of Counsel Regarding Application of Debtors for Entry of an Order, Pursuant to 11 U.S.C. § 327(a) and 328(a), Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2, (I) Authorizing the Retention and Employment of A&G Realty Partners, LLC as the Debtors' Real Estate Advisor, *Nunc Pro Tunc* to the Petition Date, (II) Waiving Certain Information Requirements of Local Rule 2016-2(d), and (III) Granting Related Relief [Filing Date: 3/1/19; D.I. 244]

    Response Deadline:    February 27, 2019 at 4:00 p.m. (ET)

    Responses Received:

    a. Informal comments from the U.S. Trustee.

    Status:    A revised order has been filed under certification of counsel resolving this matter. A hearing with respect to this matter is only required to the extent that the Court has any questions or concerns.

16. Application of the Debtors for Entry of an Order Pursuant to Bankruptcy Code Sections 327(a), 328, 330, and 1107 Authorizing Employment and Retention of Bayard, P.A. as Co-Counsel for the Debtors and Debtors in Possession *Nunc Pro Tunc* to the Petition Date and Statement Required by Bankruptcy Code Section 329 [Filing Date: 2/13/19; D.I. 155]

    Related Documents:

    a. Certificate of No Objection Regarding Application of the Debtors for Entry of an Order Pursuant to Bankruptcy Code Sections 327(a), 328, 330, and 1107 Authorizing Employment and Retention of Bayard, P.A. as Co-Counsel for the Debtors and Debtors in Possession *Nunc Pro Tunc* to the Petition Date and Statement Required by Bankruptcy Code Section 329 [Filing Date: 2/28/19; D.I. 239]

b. Proposed Form of Order

Response Deadline:    February 27, 2019 at 4:00 p.m. (ET)

Responses Received:  None.

Status:    A certificate of no objection has been filed with regard to this matter. A hearing with respect to this matter is only required to the extent that the Court has any questions or concerns.

17. Debtors' Motion for Entry of an Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Filing Date: 2/20/19; D.I. 182]

Related Documents:

a. Certification of Counsel Regarding Debtors' Motion for Entry of an Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Filing Date: 3/4/19; D.I. 258]

Response Deadline:    February 27, 2019 at 4:00 p.m. (ET)

Responses Received:

a. Informal comments from the U.S. Trustee.

Status:    A revised order has been filed under certification of counsel resolving this matter. A hearing with respect to this matter is only required to the extent that the Court has any questions or concerns.

## II. CONTESTED MATTERS

18. Application of Debtors for Entry of an Order, Pursuant to 11 U.S.C. §§ 327(a) and 328(a), Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2, (I) Authorizing the Retention and Employment of Guggenheim Securities, LLC as Investment Banker for the Debtors and Debtors in Possession, *Nunc Pro Tunc* to the Petition Date, (II) Waiving Certain Information Requirement of Local Rule 2016-2 (D), and (III) Granting Related Relief [Filing Date: 2/13/19; D.I. 149]

Related Documents:    None.

Response Deadline:    February 27, 2019 at 4:00 p.m. (ET), extended until February 28, 2019 at 4:00 p.m. (ET) for the U.S. Trustee and until March 1, 2019 at 4:00 p.m. (ET) for the Committee.

Responses Received:

    a. Informal comments from the Committee.

    b. Informal comments from the U.S. Trustee.

Status:    The Debtors are continuing to negotiate with counsel to the Committee to resolve its comments. To the extent a resolution is not reached, this matter will go forwards.

19. Debtors' Emergency Motion for Interim and Final Orders (I) Authorizing the Commencement/Continuation of Store Closing Sales in Accordance with the Store Closing Agreement and Sale Guidelines, with Such Sales to be Free and Clear of All Liens, Claims, and Encumbrances; (II) Authorizing the Assumption of the Store Closing Agreement; and (III) Granting Related Relief [Filing Date: 2/4/19; D.I. 14]

Related Documents:

    a. Interim Order (I) Authorizing the Commencement of Store Closing Sales in Accordance with the Store Closing Agreement and Sale Guidelines, with Such Sales to be Free and Clear of All Liens, Claims, and Encumbrances; (II) Granting Related Relief [Date Entered: 2/6/19; D.I. 97]

    b. Notice of Entry of Interim Order and Final Hearing Regarding Debtors' Emergency Motion for Interim and Final Orders (I) Authorizing the Commencement/Continuation of Store Closing Sales in Accordance with the Store Closing Agreement and Sale Guidelines, with Such Sales to be Free and Clear of All Liens, Claims, and Encumbrances; (II) Authorizing the Assumption of the Store Closing Agreement; and (III) Granting Related Relief [Filing Date: 2/6/19; D.I. 117]

    c. Declaration of Mackenzie L. Shea in Support of Debtors' Emergency Motion for Interim and Final Orders (I) Authorizing the Commencement/Continuation of Store Closing Sales in Accordance with the Store Closing Agreement and Sale Guidelines, with Such Sales to be Free and Clear of All Liens, Claims, and Encumbrances; (II) Authorizing the Assumption of the Store Closing Agreement; and (III) Granting Related Relief [Filing Date: 3/1/19; D.I. 251]

    d. Declaration of Sarah Baker in Support of Debtors' Emergency Motion for Interim and Final Orders (I) Authorizing the Commencement/Continuation of Store Closing Sales in Accordance with the Store Closing Agreement and Sale Guidelines, with Such Sales to be Free and Clear of All Liens, Claims, and Encumbrances; (II) Authorizing the Assumption of the Store Closing Agreement; and (III) Granting Related Relief [Filing Date: 3/1/19; D.I. 252]

Response Deadline: February 27, 2019 at 4:00 p.m. (ET). Extended until February 28, 2019 at 4:00 p.m. (ET) for certain of the Debtors' landlords and the Committee. Extended until March 1, 2019 at 4:00 p.m. for certain Texas taxing authorities.

Responses Received:

a. Maricopa County Treasurer's Response to Interim Order (I) Authorizing the Commencement of Store Closing Sales in Accordance with the Store Closing Agreement and Sale Guidelines, with Such Sales to be Free and Clear of All Liens, Claims, and Encumbrances; (II) Granting Related Relief [Date Entered: 2/26/19; D.I. 217]

b. Limited Objection of SAP America, Inc. to the Debtors' Motion to Conduct Store Closing Sales [Filing Date: 2/27/19; D.I. 224]

c. Informal comments from certain of the Debtors' landlords.

d. Informal comments from the Committee.

e. Informal comments from certain Texas taxing authorities.

Status: The Debtors have proposed certain language to resolve the pending objections and will file a revised form of order prior to the hearing. This matter is going forward.

20. Debtors' Motion for Entry of Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507 and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing Debtors and Debtors in Possession to Obtain Postpetition Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Liens and Super-Priority Claims, (IV) Granting Adequate Protection to Prepetition Secured Lenders, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief [Filing Date: 2/4/19; D.I. 15]

Related Documents:

a. Interim Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition Secured Parties, (V) Modifying Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief [Date Entered: 2/5/19; D.I. 92]

b. Notice of Entry of Interim Order and Final Hearing Regarding Debtors' Motion for Entry of Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507 and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing Debtors and Debtors in Possession to Obtain Postpetition Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Liens and Super-Priority Claims, (IV) Granting Adequate Protection to Prepetition Secured Lenders, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief [Filing Date: 2/6/19; D.I. 118]

Response Deadline:   February 27, 2019 at 4:00 p.m. (ET). Extended until February 28, 2019 at 4:00 p.m. (ET) for certain of the Debtor's landlords and the Committee. Extended until March 1, 2019 at 4:00 p.m. for certain Texas taxing authorities.

Responses Received:

a. The Texas Taxing Jurisdictions Objection to Debtor's Interim Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition Secured Parties, (V) Modifying Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief [Filing Date: 2/12/19; D.I. 136]

b. Maricopa County Treasurer's Objection to Interim Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition Secured Parties, (V) Modifying Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief [Filing Date: 2/26/19; D.I. 215]

c. Limited Objection of Aronov Realty Management, Brixmor Operating Partnership LP, Centennial Real Estate Company, LLC, Federal Realty Investment Trust, GS Pacific ER LLC, Kravco Company LLC, KRE Broadway Mall Owner, LLC, Metropolis Lifestyle Center, LLC, Montebello Town Center Investors LLC, North Park Mall Limited Partnership, PGIM Real Estate, Starwood Retail Partners LLC, The Macerich Company, Weitzman, White Plains Galleria Limited Partnership, and YTC Mall Owner, LLC to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition Secured Parties, (V) Modifying the Automatic Stay, (VI)

       Scheduling a Final Hearing, and (VII) Granting Related Relief [Filing Date: 3/1/19; D.I. 242]

d. Objection of Official Committee of Unsecured Creditors of Charlotte Russe Holding, Inc., et al. to Debtors' Motion for Entry of Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507 and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing Debtors and Debtors in Possession to Obtain Postpetition Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Liens and Super-Priority Claims, (IV) Granting Adequate Protection to Prepetition Secured Lenders, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief [Filing Date: 3/1/19; D.I. 249]

e. Joinder of Taubman Landlords to Limited Objection of Aronov Realty Management, Brixmor Operating Partnership LP, Centennial Real Estate Company, LLC, Federal Realty Investment Trust, GS Pacific ER LLC, Kravco Company LLC, KRE Broadway Mall Owner, LLC, Metropolis Lifestyle Center, LLC, Montebello Town Center Investors LLC, North Park Mall Limited Partnership, PGIM Real Estate, Starwood Retail Partners LLC, The Macerich Company, Weitzman, White Plains Galleria Limited Partnership, and YTC Mall Owner, LLC to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition Secured Parties, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief [Filing Date: 3/1/19; D.I. 250]

f. Limited Objection and Joinder of Carousel Center Company LP, Crossgates Mall General Company NewCo LLC, EklecCo NewCo LLC, Holyoke Mall Company LP, Independence Center NewCo LLC, JPMG Manassas Mall Owner LLC, Poughkeepsie Galleria LLC, Salmon Run Shopping Center LLC, Sangertown Square LLC, and Pyramid Walden Company LP to Limited Objection of Aronov Realty Management, Brixmor Operating Partnership LP, Centennial Real Estate Company, LLC, Federal Realty Investment Trust, GS Pacific ER LLC, Kravco Company LLC, KRE Broadway Mall Owner, LLC, Metropolis Lifestyle Center, LLC, Montebello Town Center Investors LLC, North Park Mall Limited Partnership, PGIM Real Estate, Starwood Retail Partners LLC, The Macerich Company, Weitzman, White Plains Galleria Limited Partnership, and YTC Mall Owner, LLC to Debtors Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition Secured Parties, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief [Filing Date: 3/1/19; D.I. 257]

    g. Informal comments from certain of the Debtors' landlords.

    h. Informal comments from the Committee.

    i. Informal comments from certain Texas taxing authorities.

    Status: This matter is going forward on a contested basis.

21. Debtors' Combined Motion for Entry of an Order (I) Approving Bid and Sale Procedures, (II) Approving Certain Bidding Protections, (III) Approving the Form and Manner of Notice of the Sale and Assumption and Assignment of Executory Contracts and Unexpired Leases, (IV) Scheduling an Auction and Sale Hearing; and (V) Approving Sale [Filing Date: 2/4/19; D.I. 17]

    Related Documents:

    a. Declaration of Brian M. Cashman, Chief Restructuring Officer of Charlotte Russe Holding, Inc., in Support of Debtors' Chapter 11 Petitions and First Day Motions [Filing Date: 2/3/19; D.I. 3]

    b. Order Shortening Notice and Objection Periods Regarding Debtors' Combined Motion for Entry of an Order (I) Approving Bid and Sale Procedures, (II) Approving Certain Bidding Protections, (III) Approving the Form and Manner of Notice of the Sale and Assumption and Assignment of Executory Contracts and Unexpired Leases, (IV) Scheduling an Auction and Sale Hearing; and (V) Approving Sale [Date Entered: 2/5/19; D.I. 84]

    c. Notice of Filing of (A) Proposed Stalking Horse Agency Agreement and (B) Revised Proposed Order (I) Approving Bid and Sale Procedures, (II) Approving Certain Bidding Protections, (III) Approving the Form and Manner of Notice of the Sale and Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Scheduling an Auction and Sale Hearing [Filing Date: 2/19/19; D.I. 170]

    d. Declaration of Stuart Erickson in Support of the Debtors' Bidding Procedures and Sale Motion [Filing Date: 2/19/19; D.I. 171]

    e. Order (I) Approving Bid and Sale Procedures, (II) Approving Certain Bidding Protections, (III) Approving the Form and Manner of Notice of the Sale and Assumption and Assignment of Executory Contracts and Unexpired Leases, (IV) Scheduling an Auction and Sale Hearing [Date Entered: 2/21/19; D.I. 199]

    f. Notice of Auction and Sale Hearing [Filing Date: 2/21/19; D.I. 203]

g. Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Cure Amounts [Filing Date: 2/21/19; D.I. 204]

h. Notice of Filing Proposed Sale Order [Filing Date: 2/27/19; D.I. 225]

Response Deadline:    February 15, 2019 at 4:00 p.m. (ET), extended until February 18, 2019 at 4:00 p.m. (ET) for the Committee.

Responses Received:

a. Objection of Bloomfield Holdings, LLC to Debtors' Combined Motion for Entry of an Order (I) Approving Bid and Sale Procedures, (II) Approving Certain Bidding Protections, (III) Approving the Form and Manner of Notice of the Sale and Assumption and Assignment of Executory Contracts and Unexpired Leases, (IV) Scheduling an Auction and Sale Hearing, and (V) Approving the Sale [Date Filed: 2/15/19; D.I. 167]

b. Reservation of Rights of Official Committee of Unsecured Creditors of Charlotte Russe Holding, Inc., *et al.* to Debtors' Combined Motion for Entry of an Order (I) Approving Bid and Sale Procedures, (II) Approving Certain Bidding Protections, (III) Approving the Form and Manner of Notice of the Sale and Assumption and Assignment of Executory Contracts and Unexpired Leases, (IV) Scheduling an Auction and Sale Hearing, and (V) Approving the Sale [Date Filed: 2/18/19; D.I. 169]

c. Maricopa County Treasurer's Objection to Debtors' Combined Motion for Entry of an Order (I) Approving Bid and Sale Procedures, (II) Approving Certain Bidding Protections, (III) Approving the Form and Manner of Notice of the Sale and Assumption and Assignment of Executory Contracts and Unexpired Leases, (IV) Scheduling an Auction and Sale Hearing; and (V) Approving Sale [Filing Date: 2/26/19; D.I. 216]

d. The Taubman Landlords' Precautionary Objection to the Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and Cure Claim Objection [Filing Date: 2/26/19; D.I. 220]

e. CBL & Associates Management, Inc.'s Limited Objection to Debtors' Stated Cure Amounts [Filing Date: 2/28/19; D.I. 228]

f. Informal comments from counsel to the Debtors' prepetition term loan agent and certain of the prepetition term loan lenders.

g. Informal comments from counsel to certain of the Debtors' landlords.

Status: This matter is going forward.

22. [SEALED] Motion of Debtors and Debtors-In-Possession for Entry of an Order Approving Their (I) Key Employee Retention Plan and (II) Key Executive Incentive Plan [Filing Date: 2/20/19; D.I. 184]

    Response Deadline: February 27, 2019 at 4:00 p.m. (ET), extended until March 1, 2019 at 4:00 p.m. (ET) for the U.S. Trustee and extended until March 4, 2019 at 12:00 p.m. (ET) for the prepetition term agent.

    Responses Received:

    a. Informal comments from the U.S. Trustee.

    b. Informal comments from the Committee.

    c. Limited Objection of Jefferies Finance LLC, as Prepetition Term Loan Agent, and the Ad Hoc Group of Prepetition Term Loan Lenders to Motion of Debtors and Debtors-In-Possession for Entry of an Order Approving Their (I) Key Employee Retention Plan and (II) Key Executive Incentive Plan [Filing Date: 3/4/19; D.I. 262]

    Status: The Debtors continue to discuss this matter with Jefferies Finance LLC. To the extent a resolution is not reached prior to the hearing, this matter is going forward on a contested basis.

23. Debtors' Motion for Entry of an Order Authorizing them to File Under Seal Certain Exhibits to the Motion of Debtors and Debtors-In-Possession for Entry of an Order Approving Their (I) Key Employee Retention Plan and (II) Key Executive Incentive Plan [Filing Date: 2/20/19; D.I. 185]

    Related Documents:

    a. Motion of Debtors and Debtors-In-Possession for Entry of an Order Approving Their (I) Key Employee Retention Plan and (II) Key Executive Incentive Plan (Public Version) [Filing Date: 2/20/19; D.I. 186]

    Response Deadline: February 27, 2019 at 4:00 p.m. (ET), extended until March 4, 2019 at 12:00 p.m. (ET) for the U.S. Trustee.

    Responses Received:

    a. Informal comments from the U.S. Trustee.

Status:   The Debtors have resolved the comments received from the U.S. Trustee by agreeing to file an unredacted version of the KEIP in advance of the hearing. The Debtors will also file an agreed revised form of order before the hearing or present such order at the hearing.

Dated: March 4, 2019
      Wilmington, Delaware

BAYARD, P.A.

*/s/ Justin R. Alberto*
Justin R. Alberto (No. 5126)
Erin R. Fay (No. 5268)
Daniel N. Brogan (No. 5723)
600 North King Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
Email: jalberto@bayardlaw.com
      efay@bayardlaw.com
      dbrogan@bayardlaw.com

- and -

COOLEY LLP
Seth Van Aalten
Michael Klein
Summer M. McKee
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: svanaalten@cooley.com
      mklein@cooley.com
      smckee@cooley.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*