**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Charlotte Russe Holding, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 19-10210 (LSS)<br><br>(Jointly Administered) |

**GLOBAL NOTES, METHODOLOGY AND SPECIFIC**
**DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF**
**ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS**

**Introduction**

Charlotte Russe Holding, Inc., Charlotte Russe Holdings Corporation, Charlotte Russe Intermediate Corporation, Charlotte Russe Enterprise, Inc., Charlotte Russe, Inc., Charlotte Russe Merchandising, Inc., and Charlotte Russe Administration, Inc. (collectively, the "**Debtors**")[2] with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**," and together with the Schedules, the "**Schedules and Statements**") with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statement of Financial Affairs (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of each Debtor's Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States

---

[1]  The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Charlotte Russe Holding Inc., (4325); Charlotte Russe Holdings Corporation (1045); Charlotte Russe Intermediate Corporation (6345); Charlotte Russe Enterprise, Inc. (2527); Charlotte Russe, Inc. (0505); Charlotte Russe Merchandising, Inc. (9453); and Charlotte Russe Administration, Inc. (9456). The Debtors' headquarters are located at 5910 Pacific Center Boulevard, Suite 120, San Diego, CA 92121.

[2]  A detailed description of the Debtors and their businesses, and the facts and circumstances surrounding the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Brian M. Cashman, Chief Restructuring Officer of Charlotte Russe Holding, Inc., in Support of Debtors' Chapter 11 Petitions and First Day Motions,* filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code on February 3, 2019.

1

("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor (whether publically filed or otherwise). Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date (as defined herein) or at any time before the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time before the Petition Date.

In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary and appropriate. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

The Debtors and their officers, employees, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained in the Schedules and Statements. Except as expressly required by the Bankruptcy Code, the Debtors and their officers, employees, agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised, or re-categorized. The Debtors, on behalf of themselves, their officers, employees, agents and advisors disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

Mr. Brian M. Cashman, in his capacity as Chief Restructuring Officer of each of the Debtor entities, has signed each of the Schedules and Statements. In reviewing and signing the Schedules and Statements, Mr. Cashman has relied upon the efforts, statements and representations of various personnel employed by the Debtors. Mr. Cashman has not (and could not have) personally verified the accuracy of each such statement and representation, contained in the Schedules and Statements, including, for example, statements and representations concerning amounts owed to creditors.

The Global Notes are in addition to any specific notes contained in each Debtor's Schedules and Statements. The fact that the Debtors have prepared Global Notes or specific notes with respect to any information in the Schedules and Statements and not to other information in the Schedules and Statements should not be interpreted as a decision by the

2

Debtors to exclude the applicability of such Global Notes or specific notes to any of the Debtors' remaining Schedules and Statements, as appropriate.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

## Global Notes and Overview of Methodology

1. **Global Notes Control**. In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

2. **Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to any claim ("**Claim**") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code, and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

   The listing in the Schedules or Statements (including, without limitation, Schedule A/B, Schedule E/F or Statement 4) by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court. The Debtors reserve all rights with respect to such obligations.

3. **Description of Cases and "as of" Information Date**. On February 3, 2019 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On February 5, 2019 the Bankruptcy Court entered an order directing procedural consolidation and joint administration of the Debtors' chapter 11

cases [Docket No. 75].

**The asset information provided in the Schedules and Statements, except as otherwise noted, represents the asset data of the Debtors as of February 3, 2019, and the liability information provided herein, except as otherwise noted, represents the liability data of the Debtors as of February 3, 2019.**

4. <u>**Net Book Value of Assets**</u>. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of February 3, 2019**,** in the Debtors' books and records. Additionally, because the book values of certain assets, may materially differ from their fair market values, they may be listed as undetermined amounts as of the Petition Date. Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes may not appear in the Schedules and Statements if they have no net book value.

5. <u>**Recharacterization**</u>.    Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may, nevertheless, have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

6. <u>**Real Property and Personal Property–Leased**</u>. In the ordinary course of their businesses, the Debtors leased real property and various articles of personal property, including, fixtures, and equipment, from certain third-party lessors. The Debtors have made reasonable efforts to list all such leases in the Schedules and Statements. The Debtors have made reasonable efforts to include lease obligations on Schedule D (secured debt) to the extent applicable and to the extent the lessor filed a UCC-1. However, nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including whether to assume and assign or reject such lease or whether it is a true lease or a financing arrangement).

7. <u>**Excluded Assets and Liabilities**</u>. The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. The allocation of liabilities between the prepetition and post-petition periods may change as additional information becomes available and further research is conducted. Accordingly, the Debtors reserve all of their rights to amend, supplement or otherwise modify the Schedules and Statements as is necessary and appropriate.

The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, employee benefit

accruals, and deferred gains. In addition, certain immaterial assets and liabilities may have been excluded.

The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may be rejected. In addition, certain immaterial assets and liabilities may have been excluded.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain outstanding Claims on a post-petition basis. To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

8. **Insiders**.    Solely, for purposes of the Schedules and Statements, the Debtors define "insiders" to include the following: (a) directors; (b) senior level officers; (c) equity holders holding in excess of 5% of the voting securities of the Debtor entities; (d) managing members; (e) Debtor affiliates; and (f) relatives of any of the foregoing (to the extent known by the Debtors).

Person or entities listed as "insiders" have been included for informational purposes only and their inclusion shall not constitute an admission that those entities are insiders for purposes of section 101(31) of the Bankruptcy Code.  The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

9. **Intellectual Property Rights**.    The exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another Debtor. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

10. **Intercompany and Other Transactions**.    The Debtors record certain intercompany receivables and payables for tax purposes only. As these transfers are not reflected on the Debtors' balance sheets and the claims net to zero on a consolidated basis, the Statements and Schedules may not reflect all intercompany activity.

11. **Executory Contracts and Unexpired Leases**. Although the Debtors made diligent attempts to attribute executory contracts and unexpired leases to their rightful Debtors, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the

Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

Moreover, other than real property leases reported in Schedule A/B 55, the Debtors have not necessarily set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates. The Debtors' executory contracts and unexpired leases have been set forth in Schedule G.

12. **Materialman's/Mechanic's Liens**. The assets listed in the Schedules and Statements are presented without consideration of any materialman's or mechanic's liens.

13. **Classifications**. Listing a Claim or contract on (a) Schedule D as "secured," (b) Schedule E/F part 1 as "priority," (c) Schedule E/F part 2 as "unsecured," or (d) Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the Claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such Claims or contracts or leases or to exercise their rights to setoff against such Claims.

14. **Claims Description**. Schedules D and E/F permit each Debtor to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds, including liability or classification. Additionally, the Debtors expressly reserve all of their rights to subsequently designate such claims as "disputed," "contingent" or "unliquidated." Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

15. **Causes of Action**. Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

16. **Summary of Significant Reporting Policies**. The following is a summary of

significant reporting policies:

    a.    <u>Undetermined Amounts</u>. The description of an amount as "unknown," or "undetermined" is not intended to reflect upon the materiality of such amount.

    b.    <u>Totals</u>. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

    c.    <u>Paid Claims</u>. The Debtors have authority to pay certain outstanding prepetition payables pursuant to various Bankruptcy Court orders. To the extent the Debtors pay any of the liabilities listed in the Schedules pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the Schedules or take other action as is necessary and appropriate to avoid over-payment of or duplicate payments for any such liabilities.

    d.    <u>Liens</u>. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

    e.    <u>Currency</u>. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

17. **<u>Estimates and Assumptions</u>**.    To close the books and records of the Debtors as of the Petition Date and to prepare such information on a legal entity basis, the Debtors were required to make estimates, allocations, and assumptions that affect the reported amounts of assets, liabilities, revenue and expenses as of the Petition Date. The Debtors reserve all rights, but shall not be required, to amend the reported amounts of assets, revenue, and expenses to reflect changes in those estimates and assumptions.

18. **<u>Credits and Adjustments</u>**. The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

19. **<u>Setoffs</u>**. The Debtors incur certain offsets and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, refunds, warranties, debit memos, credits, and other disputes between the Debtors and their suppliers and/or customers. These offsets and other similar rights are consistent

with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.

### Specific Disclosures with Respect to the Debtors' Schedules

**Schedule A/B.** All values set forth in Schedule A/B reflect the book value of the Debtors' assets as of February 3, 2019, unless otherwise noted below. Other than real property leases reported on Schedule A/B 55, the Debtors have not included leases and contracts on Schedule A/B. Leases and contracts are listed on Schedule G.

**Schedule A/B 3**. Cash values held in financial accounts are listed on Schedule A/B 3 as of February 3, 2019. Details with respect to the Debtors' cash management system and bank accounts are provided in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Continued Use of Cash Management System, (II) Authorizing Continued Use of Existing Business Forms, (III) Authorizing the Continuation of Intercompany Transactions, (IV) Granting Administrative Priority Status to Post-Petition Intercompany Transactions, (V) Authorizing Use of Prepetition Bank Accounts, Account Control Agreements, and Certain Payment Methods, and (VI) Temporarily Suspending the Requirements of 11 U.S.C. §345(B)* [Docket No. 9] (the "**Cash Management Motion**").

**Schedule A/B 7**. The Bankruptcy Court, pursuant to *the Interim Order (I) Approving The Debtors' Proposed Adequate Assurance of Payment For Future Utility Services, (II) Prohibiting Utility Companies From Altering, Refusing, Or Discontinuing Services, (III) Approving The Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (IV) Granting  Related Relief* [Docket No. 101], has authorized the Debtors to provide adequate assurance of payment for postpetition utility services, including a deposit in the amount of $500,000.00. Such deposit is not listed on Schedule A/B 7, which was prepared as of the Petition Date.

**Schedule A/B 11**. Accounts receivable do not include intercompany receivables.

**Schedule A/B 15**. Ownership interests in subsidiaries have been listed in Schedules A/B 15 as an undetermined amount because the fair market value of such ownership is dependent on numerous variables and factors and likely differs significantly from their net book value.

**Schedule A/B 38-42** – Dollar amounts are presented net of accumulated depreciation and other adjustments.

**Schedule A/B 55**. The Debtors do not own any real property. The Debtors have listed their real property leases in Schedule A/B 55, along with the value of any leasehold improvements.

**Schedules A/B 60-65**. Intangibles and Intellectual Property listed in Schedules A/B 60-65 are listed as an undetermined amount or at their net book value. The fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value. The Debtors maintain databases into

which they collect and retain personally identifiable information of customers including a customer database which contains customers name, address, phone number, e-mail address, gender, birthday, and online purchase history. The amounts listed with respect to the database are undetermined because the fair market value of such ownership cannot be determined. The Debtors maintain various licenses in connection with the conduct of their business such as business licenses in each of the jurisdictions in which they do business. These licenses are voluminous and have not been listed on Schedule A/B 62, as their value is undetermined. In addition, the Debtors maintain Intellectual Property Out-Licenses granting sell-off rights to vendors who have manufactured, produced or otherwise directed the production of apparel and shoes containing Purchased Intellectual Property under purchase orders that were cancelled, rejected otherwise terminated by the Debtors, permitting such certain of such vendors the limited right to sell off specific goods covered by such purchase orders without removing the branded tags, rivets, heat transfers, buttons, or emblems containing Purchased Intellectual Property. In addition, the Debtors are parties to Contracts that allow third parties to use or reference the name or logo of the Debtors, including relevant Purchased Intellectual Property, in referencing the commercial relationship of the Debtors under such Contracts, including, for example, advertising or signage in real properties in which the Debtors operate a Store.

**Schedule A/B 74 & 75**. In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-Claims, setoffs, refunds, or warranty Claims. Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, Claims as a plaintiff or counter-Claims as a defendant. Because such Claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule A/B 74 or 75. The Debtors' failure to list any contingent and/or unliquidated claim held by the Debtors in response to these questions is not an admission that such cause of action, claim, or right does not exist, and should not be construed as a waiver, release, relinquishment, or forfeiture of such cause of action, claim, or right.


**Schedule D**. The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included. All Claims listed on Schedule D, however, appear to have been incurred before the Petition Date.

With respect to the Claims listed on Schedule D, reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the Claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract.

201518802 v1

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights, letters of credit, surety bonds, or inchoate statutory lien rights.

**Schedule E/F part 1**.  The Bankruptcy Court has authorized the Debtors, in their discretion, to pay certain liabilities that may be entitled to priority under the applicable provisions of the Bankruptcy Code.  For example, on February 5, 2019, the Bankruptcy Court entered that certain *Final Order (I) Authorizing the Payment of Prepetition Sales, Use, and Franchise Taxes and Similar Taxes and Fees And (II) Authorizing Banks and Other Financial Institutions to Receive, Process, Honor, and Pay Checks Issued and Electronic Payment Requests Made Relating to the Foregoing* [Docket No. 282] and *Final Order Authorizing (I) Payment of Wages, Compensation and Employee Benefits and (II) Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations* [Docket No. 283]. The Debtors' analysis of potential priority claims is ongoing and may take significant time to complete.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

**Schedule E/F part 2**. The Debtors have used reasonable efforts to report all general unsecured Claims against the Debtors on Schedule E/F part 2, based upon the Debtors' books and records as of the Petition Date.

Determining the date upon which each Claim on Schedule E/F part 2 was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each Claim listed on Schedule E/F part 2. Furthermore, claims listed on Schedule E/F part 2 may have been aggregated by unique creditor name and remit to address and may include several dates of incurrence for the aggregate balance listed.

Schedule E/F part 2 contains information regarding pending litigation involving the Debtors. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements. Some of the litigation Claims listed on Schedule E/F may be subject to subordination pursuant to section 510 of the Bankruptcy Code. In addition, as of the Petition Date, the Debtors' books and records reflected an aggregate net liability in respect of gift cards and store credits. The Debtors estimate that as of the Petition Date, approximately $3,142,190.00[3] in issued gift cards is outstanding.[4] Because the Debtors do not know the identities of holders of such cards and credits, these are not listed on Schedule E/F, part 2.

Schedule E/F part 2 also includes potential or threatened litigation claims. Any information contained in Schedule E/F part 2 with respect to such potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any of the potential suits and

---

[3] The gross amount of Gift Cards outstanding is $16,814,489. However, the amount that is actually reflected on the Debtors' books and records is $3,142,190.00 as a result of annual breakage which reflects the value of all Gift Cards issued over thirteen (13) months and the estimate of the percentage of Gift Cards that were issued within the thirteen (13) months prior that will most likely not be redeemed within thirteen (13) months. The Debtors do not maintain information regarding the individual holders of unredeemed Gift Cards.

[4] This amount includes outstanding Charlotte Russe Merchandise Credit Card balances.

proceedings included therein. The Debtors expressly incorporate by reference into Schedule E/F part 2 all parties to pending litigation listed in the Debtors' Statements 7, as contingent, unliquidated, and disputed claims, to the extent not already listed on Schedule E/F part 2.

Schedule E/F part 2 reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of executory contracts or unexpired leases. Additionally, Schedule E/F part 2 does not include potential rejection damage Claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**Schedule G**. Although reasonable efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors may have occurred. Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtors' reasonable efforts. Listing or omitting a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is or is not an executory contract or unexpired lease, was in effect on the Petition Date, or is valid or enforceable. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

Certain confidentiality and non-disclosure agreements may not be listed on Schedule G.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement, or multiple, severable or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance, and attornment agreements, supplemental agreements, settlement agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on

Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute.  Executory agreements that are oral in nature have not been included on the Schedule G.

The Debtors reserve all of their rights, Claims and causes of action with respect to the contracts on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's Claim.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. Schedule G may be amended at any time to add any omitted contract, agreement or lease.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract or that such contract is an executory contract or unexpired lease. The Debtors reserve all of their rights to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

The Debtors maintain a variety of insurance policies, including, without limitation, property, general liability, and employee related policies. For purposes of Schedule G, all insurance policies are included however, multiple Debtors may be a party to or covered by the policies.

**Schedule H**. For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition debt facilities are listed as Co-Debtors on Schedule H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-Claims and counter-Claims against other parties. Because the Debtors have treated all such Claims as contingent, disputed, or unliquidated, such Claims have not been set forth individually on Schedule H. Litigation matters can be found on each Debtor's Schedule E/F part 2 and Statement 7, as applicable.

## Specific Disclosures with Respect to the Debtors' Statements

**Statement 3**. Statement 3 includes any disbursement or other transfer made by the Debtors within 90 days before the Petition Date except for those made to insiders (which payments appear in response to Statement question 4), employees, and bankruptcy professionals (which payments appear in Statement 11 and include any retainers paid to bankruptcy professionals). The amounts listed in Statement 3 reflect the Debtors' disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3. All disbursements listed on Statement 3 are made through the Debtors' cash management system. Additionally, all disbursement information reported in Statement 3 for a specific Debtor pertains to the bank accounts maintained by that Debtor.

201518802 v1

**Statement 4**.   Statement 4 accounts for a respective Debtor's transfers to insiders as applicable, but excludes intercompany transactions. With respect to individuals, the amounts listed reflect the universe of payments and transfers to such individuals including compensation, bonus (if any), expense reimbursement, relocation reimbursement, and/or severance. Amounts paid on behalf of such employee for certain life and disability coverage, which coverage is provided to all of the Debtors' employees, has not been included.

**Statement 5**.   Statement 5 excludes goods returned in the ordinary course of business.

**Statement 6**. There may be instances, including, without limitation, holdbacks made by credit card processors, where such a setoff has occurred without the Debtors' knowledge.

**Statement 7**.   Any information contained in Statement 7 shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein. The Debtors track all incidents in their stores through incident reports. However, only those incidents that have resulted in active litigation and/or proceedings are reported on SOFA 7.

**Statement 10**.   The Debtors occasionally incur losses for a variety of reasons, including theft and property damage. The Debtors, however, may not have records of all such losses if such losses do not have a material impact on the Debtors' businesses or are not reported for insurance purposes. Ordinary course shrinkage is not reflected in the Statements. The losses listed on Statement 10 are based on estimated amounts.

**Statement 11**. Out of an abundance of caution, the Debtors have included payments to all professionals who have rendered any advice related the Debtors' bankruptcy proceedings in Statement 11. However, it is possible that the disclosed fees also relate to other, non-bankruptcy related services, and may include services rendered to other parties.

**Statement 26d**. The Debtors have used their reasonable efforts to provide a listing of parties to which financial statements have been provided.  However, the Debtors provide numerous banks, vendors and customers with financial statements and the listing on Statement 26d may not be a complete listing of every party provided financial statements.

**Statement 30**. Unless otherwise indicated in a Debtor's specific response to Statement 30, the Debtors have included a comprehensive response to Statement 30 in Statement 4.

**Fill in this information to identify the case:**

**Debtor name:** Charlotte Russe Enterprise, Inc.

**United States Bankruptcy Court for the:** District of Delaware

**Case number (if known):** 19-10213

☐ Check if this is an amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals                    12/15

| Part 1: | Summary of Assets |
| --- | --- |

1. **Schedule A/B: Assets–Real and Personal Property** (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from Schedule A/B ....................................................

   | $0.00 |
   | --- |

   1b. **Total personal property:**
   Copy line 91A from Schedule A/B ..................................................

   | $2,400.00 |
   | --- |

   1c. **Total of all property:**
   Copy line 92 from Schedule A/B ....................................................

   | $2,400.00 |
   | --- |

| Part 2: | Summary of Liabilities |
| --- | --- |

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
   Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D .................

   | $0.00 |
   | --- |

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of Schedule E/F ..........................................................

   | $0.00 |
   | --- |

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F ...........................

   | + UNDETERMINED |
   | --- |

4. **Total liabilities**
   Lines 2 + 3a + 3b ...........................................................................................................

   | UNDETERMINED |
   | --- |

| Fill in this information to identify the case: |
| --- |
| **Debtor name:** Charlotte Russe Enterprise, Inc. |
| **United States Bankruptcy Court for the:** District of Delaware |
| **Case number (if known):** 19-10213 |

☐ Check if this is an
amended filing

Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property 　　12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1:　Cash and cash equivalents

**1.　Does the debtor have any cash or cash equivalents?**

　☑ No. Go to Part 2.

　☐ Yes. Fill in the information below

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
| --- | --- |

**2.　Cash on hand**

2.1.　_____ 　$_____

**3.　Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | Current value of debtor's interest |
| --- | --- | --- | --- |
| 3.1.　_____ | _____ | _____ | $_____ |

**4.　Other cash equivalents** *(Identify all)*

| Description | Name of institution | Type of account | Last 4 digits of account number | Current value of debtor's interest |
| --- | --- | --- | --- | --- |
| 4.1.　_____ | _____ | _____ | _____ | $_____ |

**5.　Total of part 1**

　　Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| $0.00 |
| --- |

## Part 2:　Deposits and prepayments

**6.　Does the debtor have any deposits or prepayments?**

　☐ No. Go to Part 3.

　☑ Yes. Fill in the information below

Debtor    **Charlotte Russe Enterprise, Inc.**                                        Case number *(if known)* **19-10213**

**7.**    **Deposits, including security deposits and utility deposits**

      Description, including name of holder of deposit                                        Current value of
                                                                                                                      debtor's interest

7.1.    _____    $_____

**8.**    **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

      Description, including name of holder of prepayment                                        Current value of
                                                                                                                      debtor's interest

8.1.    CONTRACTS ( WORKFRONT LICENSES)                                        $2,400.00

      WORKFRONT

**9.**    **Total of part 2**

      Add lines 7 through 8. Copy the total to line 81.                                        | $2,400.00 |

---

**Part 3:**    **Accounts receivable**

**10.**    **Does the debtor have any accounts receivable?**

      ☑ No. Go to Part 4.

      ☐ Yes. Fill in the information below.

                                                                                                                      **Current value of
                                                                                                                      debtor's interest**

**11.**    **Accounts receivable**

      Face amount          Doubtful or uncollectible
                                              accounts

11a.    90 days old or    $_____  -  $_____  = ........ →                $_____
      less:

      Face amount          Doubtful or uncollectible
                                              accounts

11b.    Over 90 days old:    $_____  -  $_____  = ........ →                $_____

**12.**    **Total of part 3**

      Current value on lines 11a + 11b = line 12. Copy the total to line 82.                | $0.00 |

---

**Part 4:**    **Investments**

**13.**    **Does the debtor own any investments?**

      ☐ No. Go to Part 5.

      ☑ Yes. Fill in the information below.

                                                                                    **Valuation method used      Current value of
                                                                                    for current value            debtor's interest**

**14.**    **Mutual funds or publicly traded stocks not included in Part 1**

      Name of fund or stock

14.1.    _____    _____    $_____

**15.**    **Non-publicly traded stock and interests in incorporated and unincorporated businesses,
          including any interest in an LLC, partnership, or joint venture**

      Name of entity                              % of ownership

15.1.    CHARLOTTE RUSSE HOLDING, INC.                100.00%          _____    UNDETERMINED

Debtor  **Charlotte Russe Enterprise, Inc.**                          Case number *(if known)* **19-10213**

16.     **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

        Describe

16.1.   _____     _____    $_____

17.     **Total of part 4**

        Add lines 14 through 16. Copy the total to line 83.

| UNDETERMINED |
|---|

---

**Part 5:     Inventory, excluding agriculture assets**

18.     **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19.   Raw materials** | | | | |
| 19.1. _____ | _____ | $_____ | _____ | $_____ |
| **20.   Work in progress** | | | | |
| 20.1. _____ | _____ | $_____ | _____ | $_____ |
| **21.   Finished goods, including goods held for resale** | | | | |
| 21.1. _____ | _____ | $_____ | _____ | $_____ |
| **22.   Other inventory or supplies** | | | | |
| 22.1. _____ | _____ | $_____ | _____ | $_____ |

23.     **Total of part 5**

        Add lines 19 through 22. Copy the total to line 84.

| $0.00 |
|---|

24.     **Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

25.     **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes Book value: $_____   Valuation method: _____   Current value: $_____

26.     **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

**Part 6:     Farming and fishing-related assets (other than titled motor vehicles and land)**

27.     **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

Debtor    **Charlotte Russe Enterprise, Inc.**                                   Case number *(if known)* **19-10213**

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| 28.1. _____ | $_____ | _____ | $_____ |
| **29. Farm animals.** Examples: Livestock, poultry, farm-raised fish | | | |
| 29.1. _____ | $_____ | _____ | $_____ |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 30.1. _____ | $_____ | _____ | $_____ |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| 31.1. _____ | $_____ | _____ | $_____ |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1. _____ | $_____ | _____ | $_____ |

**33. Total of part 6**

Add lines 28 through 32. Copy the total to line 85.

| $0.00 |
|---|

**34. Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

    ☐ No

    ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes Book value: $_____    Valuation method: _____    Current value: $_____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

| **Part 7:** | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| 39.1. _____ | $_____ | _____ | $_____ |
| **40. Office fixtures** | | | |
| 40.1. _____ | $_____ | _____ | $_____ |

Debtor    **Charlotte Russe Enterprise, Inc.**                                    Case number *(if known)* **19-10213**

**41.    Office equipment, including all computer equipment and
communication systems equipment and software**

| | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 41.1. _____ | $_____ | _____ | $_____ |

**42.    Collectibles.  Examples: Antiques and figurines; paintings, prints, or other
artwork; books, pictures, or other art objects; china and crystal; stamp, coin,
or baseball card collections; other collections, memorabilia, or collectibles**

| | | | |
|---|---|---|---|
| 42.1. _____ | $_____ | _____ | $_____ |

**43.    Total of part 7**

Add lines 39 through 42. Copy the total to line 86.

| $0.00 |
|---|

**44.    Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

**45.    Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

**Part 8:    Machinery, equipment, and vehicles**

**46.    Does the debtor own or lease any machinery, equipment, or vehicles?**

☒ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description
Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest
(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| | (Where available) | | |

**47.    Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| | | | |
|---|---|---|---|
| 47.1. _____ | $_____ | _____ | $_____ |

**48.    Watercraft, trailers, motors, and related accessories.** Examples: Boats,
trailers, motors, floating homes, personal watercraft, and fishing vessels

| | | | |
|---|---|---|---|
| 48.1. _____ | $_____ | _____ | $_____ |

**49.    Aircraft and accessories**

| | | | |
|---|---|---|---|
| 49.1. _____ | $_____ | _____ | $_____ |

**50.    Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| | | | |
|---|---|---|---|
| 50.1. _____ | $_____ | _____ | $_____ |

**51.    Total of part 8**

Add lines 47 through 50. Copy the total to line 87.

| $0.00 |
|---|

**52.    Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

**53.    Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor    **Charlotte Russe Enterprise, Inc.**                                    Case number *(if known)* **19-10213**

---

| **Part 9:** | Real property |
| --- | --- |

**54.    Does the debtor own or lease any real property?**

☒ No. Go to Part 10.

☐ Yes. Fill in the information below.

| Description and location of property<br><br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- | --- |

**55.    Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

55.1.  _____    _____  $_____    _____  $_____

**56.    Total of part 9**

Add the current value on lines 55. Copy the total to line 88.

| | |
| --- | --- |
| | $0.00 |

**57.    Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

**58.    Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

| **Part 10:** | Intangibles and intellectual property |
| --- | --- |

**59.    Does the debtor have any interests in intangibles or intellectual property?**

☒ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |

**60.    Patents, copyrights, trademarks, and trade secrets**

60.1.  _____    $_____    _____    $_____

**61.    Internet domain names and websites**

|  | Net book value of debtor's interest | Valuation method | Current value of debtor's interest |
| --- | --- | --- | --- |

61.1.  _____    $_____    _____    $_____

**62.    Licenses, franchises, and royalties**

62.1.  _____    $_____    _____    $_____

**63.    Customer lists, mailing lists, or other compilations**

63.1.  _____    $_____    _____    $_____

**64.    Other intangibles, or intellectual property**

64.1.  _____    $_____    _____    $_____

**65.    Goodwill**

65.1.  _____    $_____    _____    $_____

---

Debtor    **Charlotte Russe Enterprise, Inc.**                                    Case number *(if known)* **19-10213**

**66.** **Total of part 10**

Add lines 60 through 65. Copy the total to line 89.

$0.00

**67.** **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☐ No
☐ Yes

**68.** **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No
☐ Yes

**69.** **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No
☐ Yes

**Part 11:** **All other assets**

**70.** **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☑ No. Go to Part 12.
☐ Yes. Fill in the information below.

| | | | | Current value of debtor's interest |
|---|---|---|---|---|

**71.** **Notes receivable**

| Description (include name of obligor) | Total face amount | Doubtful or uncollectible amount | | Current value of debtor's interest |
|---|---|---|---|---|
| 71.1. _____ | $_____ - | $_____ | = ........ → | $_____ |

**72.** **Tax refunds and unused net operating losses (NOLs)**

| Description (for example, federal, state, local) | Tax refund amount | NOL amount | Tax year | Current value of debtor's interest |
|---|---|---|---|---|
| 72.1. _____ | $_____ | $_____ | _____ | $_____ |

**73.** **Interests in insurance policies or annuities**

| Insurance company | Insurance policy No. | Annuity issuer name | Annuity account type | Annuity account No. | Current value of debtor's interest |
|---|---|---|---|---|---|
| 73.1. _____ | _____ | _____ | _____ | _____ | $_____ |

**74.** **Causes of action against third parties (whether or not a lawsuit has been filed)**

| | Nature of claim | | Amount requested | Current value of debtor's interest |
|---|---|---|---|---|
| 74.1. _____ | _____ | | $_____ | $_____ |

**75.** **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

| | Nature of claim | | Amount requested | Current value of debtor's interest |
|---|---|---|---|---|
| 75.1. _____ | _____ | | $_____ | $_____ |

Official Form 206A/B                    **Schedule A/B: Assets — Real and Personal Property**                    Page 7 of 9

Debtor    **Charlotte Russe Enterprise, Inc.**                                                     Case number *(if known)* **19-10213**

**76.**    **Trusts, equitable or future interests in property**

76.1.    _____    $_____

**77.**    **Other property of any kind not already listed**
          Examples: Season tickets, country club membership

77.1.    _____    $_____

**78.**    **Total of part 11**

          Add lines 71 through 77. Copy the total to line 90.                                        $0.00

**79.**    **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

          ☐ No
          ☐ Yes

Debtor    **Charlotte Russe Enterprise, Inc.**

Case number *(if known)* **19-10213**

---

| Part 12: | Summary |

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $2,400.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | UNDETERMINED | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* ................................................................ → | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.*                    + | $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column. ..........91a. | $2,400.00 | + 91b. $0.00 |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ...................................................................... | $2,400.00 |

**Fill in this information to identify the case:**

**Debtor name:** Charlotte Russe Enterprise, Inc.

**United States Bankruptcy Court for the:** District of Delaware

**Case number (if known):** 19-10213

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**

   ☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

   ☐ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
|---------|----------------------------------------|

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

|  | Column A **Amount of Claim** Do not deduct the value of collateral. | Column B **Value of collateral that supports this claim** |
|---|---|---|

| 2.1. | **Creditor's name and address** | **Describe debtor's property that is subject to a lien** | | |
|---|---|---|---|---|
|  | _____ | _____ | $_____ | $_____ |
|  | _____ | **Describe the lien** | | |
|  | **Creditor's email address, if known** | _____ | | |
|  | _____ | **Is the creditor an insider or related party?** | | |
|  | **Date debt was incurred:** _____ | ☐ No | | |
|  | **Last 4 digits of account number:** __ __ __ __ | ☐ Yes | | |
|  |  | **Is anyone else liable on this claim?** | | |
|  | **Do multiple creditors have an interest in the same property?** | ☐ No | | |
|  | ☐ No | ☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H). | | |
|  | ☐ Yes. Have you already specified the relative priority? | **As of the petition filing date, the claim is:** Check all that apply. | | |
|  | ☐ No. Specify each creditor, including this creditor, and its relative priority. | ☐ Contingent | | |
|  | _____ | ☐ Unliquidated | | |
|  | _____ | ☐ Disputed | | |
|  | ☐ Yes. The relative priority of creditors is specified on lines: _____ | | | |

Debtor    **Charlotte Russe Enterprise, Inc.**                                                Case number *(if known)* **19-10213**

3.    **Total of the dollar amounts from Part 1, Column A, including the amounts
      from the Additional Page, if any.**                                        **$0.00**

**Fill in this information to identify the case:**

**Debtor name:** Charlotte Russe Enterprise, Inc.

**United States Bankruptcy Court for the:** District of Delaware

**Case number (if known):** 19-10213

☐ Check if this is an amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims 12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G) .Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:**    **List All Creditors with PRIORITY Unsecured Claims**

1.  **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

    ☑ No. Go to Part 2.

    ☐ Yes. Go to line 2.

2.  **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| 2.1. | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | **Total claim** | **Priority amount** |
|---|---|---|---|---|

_____
_____
_____
_____

☐ Contingent

☐ Unliquidated

☐ Disputed

$_____    (Total claim)

$_____    (Priority amount)

**Nonpriority amount**

$_____

**Date or dates debt was incurred**

_____

**Basis for the claim:**

_____

**Last 4 digits of account number:** __ __ __ __

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____)

**Is the claim subject to offset?**

☐ No

☐ Yes

Debtor    **Charlotte Russe Enterprise, Inc.**                    Case number *(if known)* **19-10213**

---

| **Part 2:** | **List All Creditors with NONPRIORITY Unsecured Claims** |

**3.** **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | |
|---|---|---|
| 3.1. | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* |

**Amount of claim**

CENTER FOR ADVANCED PUBLIC AWARENESS, INC.
GATES JOHNSON LAW
KIMBERLY GATES
2822 MORAGA STREET
SAN FRANCISCO CA 94122

☑ Contingent
☑ Unliquidated
☑ Disputed

UNDETERMINED

**Date or dates debt was incurred**

_____

**Basis for the claim:**

LITIGATION

**Last 4 digits of account number:**

**Is the claim subject to offset?**

☐ No
☐ Yes

---

Debtor    **Charlotte Russe Enterprise, Inc.**                                                    Case number *(if known)* **19-10213**

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---------|---------------------------------------------------------------|

5.    **Add the amounts of priority and nonpriority unsecured claims.**

|  |  |  | **Total of claim amounts** |
|--|--|--|----------------------------|
| **5a.** | **Total claims from Part 1** | 5a. | $0.00 |
| **5b.** | **Total claims from Part 2** | 5b.    **+** | UNDETERMINED |
| **5c.** | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | UNDETERMINED |

**Fill in this information to identify the case:**

**Debtor name:** Charlotte Russe Enterprise, Inc.

**United States Bankruptcy Court for the:** District of Delaware

**Case number (if known):** 19-10213

☐ Check if this is an amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**

    ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

    ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. | List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.1. | **Title of contract** — MARKETING AGREEMENT | WORKFRONT INC<br>3301 N THANKSGIVING WAY<br>STE 100<br>LEHI UT 84043 |
| | **State what the contract or lease is for** — MARKETING CONTRACT | |
| | **Nature of debtor's interest** — CONTRACT PARTY | |
| | **State the term remaining** — _____ | |
| | **List the contract number of any government contract** — _____ | |

**Fill in this information to identify the case:**

**Debtor name:** Charlotte Russe Enterprise, Inc.

**United States Bankruptcy Court for the:** District of Delaware

**Case number (if known):** 19-10213

☐ Check if this is an amended filing

Official Form 206H

# Schedule H: Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

1.    **Does the debtor have any codebtors?**

☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☐ Yes

2.    **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| Name | Mailing address | Name | *Check all schedules that apply:* |
| 2.1. _____ | _____ | _____ | ☐ D |
| | | | ☐ E/F |
| | | | ☐ G |

**Fill in this information to identify the case:**

**Debtor name:** Charlotte Russe Enterprise, Inc.

**United States Bankruptcy Court for the:** District of Delaware

**Case number (if known):** 19-10213

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on | 4/3/2019 | ✗ | */s/ Brian M. Cashman* |
|---|---|---|---|
| | MM/DD/YYYY | | Signature of individual signing on behalf of debtor |

Brian M. Cashman
Printed name

Chief Restructuring Officer
Position or relationship to debtor