## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>CR Holding Liquidating, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 19-10210 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date: 9/23/2019 at 11:00 a.m. (ET)**<br>**Objection Deadline: 9/16/2019 at 4:00 p.m. (ET)** |

## DEBTORS' MOTION FOR AN ORDER EXTENDING EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THERETO PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE

CR Holding Liquidating, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases, by their undersigned counsel, hereby move (the "Motion"), pursuant to section 1121(d) of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rule 9006 the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form annexed hereto as Exhibit A, extending the Debtors' exclusive periods to file a chapter 11 plan or plans (the "Exclusive Filing Period") and to solicit acceptances of such plan(s) (the "Exclusive Solicitation Period" and, together with the Exclusive Filing Period, the "Exclusive Periods") for approximately 90 days through and including December 2, 2019 and January 29, 2020, respectively. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: CR Holding Liquidating Inc. (f/k/a Charlotte Russe Holding Inc.) (4325); CR Holdings Liquidating Corporation (f/k/a Charlotte Russe Holdings Corporation) (1045); CR Intermediate Liquidating Corporation (f/k/a Charlotte Russe Intermediate Corporation) (6345); CR Enterprise Liquidating, Inc. (f/k/a Charlotte Russe Enterprise, Inc.) (2527); CR Liquidating, Inc. (f/k/a Charlotte Russe, Inc.) (0505); CR Merchandising Liquidating, Inc. (f/k/a Charlotte Russe Merchandising, Inc.) (9453); and CR Administration Liquidating, Inc. (f/k/a Charlotte Russe Administration, Inc.) (9456). The Debtors' mailing address is 3111 Camino Del Rio N., Suite 400 San Diego, CA  92108.

## JURISDICTION

1.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.       Venue of these cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure for The United States Bankruptcy Court District of Delaware (the "Local Rules"), the Debtors consent to entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4.       The statutory bases for the relief requested herein are sections 105(a) and 1121(d) of the Bankruptcy Code, together with Bankruptcy Rule 9006(b)(1) and Local Rule 9006-2.

## BACKGROUND

5.       On February 3, 2019 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.       On February 14, 2019, Region 3 of the Office of the United States Trustee appointed a seven-member Official Committee of Unsecured Creditors (the "Committee").  No trustee or examiner has been appointed.

7.      The Debtors' Exclusive Filing Period and Exclusive Solicitation Period pursuant to Bankruptcy Code section 1121 currently expire on September 3, 2019 and October 31, 2019, respectively.[2]

## RELIEF REQUESTED

8.      By this Motion, the Debtors respectfully request, pursuant to section 1121(d) of the Bankruptcy Code, that: (a) the Exclusive Filing Period be extended through and including December 2, 2019; and (b) the Exclusive Solicitation Period be extended through and including January 29, 2020.  This is the Debtors' second request for an extension of the Exclusive Periods. The Debtors also request that such extensions be without prejudice to their rights to request further extensions or to seek other appropriate relief.

## BASIS FOR RELIEF REQUESTED

**A.      Section 1121(a) of the Bankruptcy Code Permits the Court to Extend the Exclusive Periods for "Cause"**

9.      The exclusive periods under section 1121(b) of the Bankruptcy Code are intended to afford debtors the opportunity to propose a chapter 11 plan and to solicit acceptances of such plan without the deterioration and disruption to the debtors' business operations that might be caused by the filing of competing plans by non-debtor parties.  In circumstances where, as here, the initial Exclusive Periods prove to be an insufficient time frame to confirm a meaningful chapter 11 plan, section 1121(d) of the Bankruptcy Code allows the Court to extend the Debtors' Exclusive Periods for "cause."

10.     It is well established that the decision to extend the Exclusive Periods is left to the sound discretion of the Court and should be based upon the facts and circumstances of a

---

[2] Under Local Rule 9006-2, the Debtors' Exclusive Periods "shall automatically be extended until the Court acts on the Motion, without the necessity for the entry of a bridge order."  Del. Bankr. L.R. 9006-2.

particular case. *See 203 N. LaSalle St. P'ship v. Bank of Am., N.A.*, 1999 U.S. Dist. LEXIS 19425, *12 (N.D. Ill. 1999); *First Am. Bank of New York v. Sw. Gloves and Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986).

11.     When determining whether cause exists for an extension of the Exclusive Periods, courts have relied on a variety of factors, each of which may provide sufficient grounds for extending the periods.  Factors considered by the courts in making such a determination have included: (1) the size and complexity of the case; (2) the necessity of sufficient time to negotiate and prepare adequate information; (3) the existence of good faith progress toward reorganization; (4) whether the debtor is paying its debts as they come due; (5) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (6) whether the debtor has made progress in negotiating with creditors; (7) the length of time the case has been pending; (8) whether the debtor is seeking the extension to pressure creditors; and (9) whether unresolved contingencies exist. *See, e.g., Cont'l Cas. Co. v. Burns & Roe Enters., Inc.*, 2005 U.S. Dist. LEXIS 26247, at *11-12 (D.N.J. 2005); *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002).

12.     The application of these factors to the facts and circumstances of these chapter 11 cases demonstrates that the requested extensions are both appropriate and necessary to afford the Debtors with time to file, solicit and confirm a chapter 11 plan.

**B.     Cause Exists for an Extension of the Debtors' Exclusive Periods**

**i.     The Size and Complexity of these Cases Necessitate Additional Time (Factors 1 and 2)**

13.     These chapter 11 cases have presented various complex and time-consuming issues, including conducting store closing sales with respect to all of the Debtors' stores, obtaining approval of separate sales of the intellectual property related to each of the "Charlotte

Russe" and "Peek" brands, and attending to myriad other matters. These issues have required the full focus of the Debtors and their professionals since the Petition Date. The Debtors' efforts throughout these chapter 11 cases have been focused upon the execution of a comprehensive effort to maximize the value of the Debtors' assets for the benefit of their creditors. In light of the complexity of these chapter 11 cases and the significant progress made thus far, the extensions requested herein are necessary to allow the negotiation, filing, solicitation and confirmation of a chapter 11 plan.

> ii.     **The Debtors Have Made Substantial, Good-Faith Progress Toward an Ultimate Resolution of these Cases (Factors 3 and 5, 6, and 8)**

14.     As described above, in the relatively short duration of these cases, the Debtors have made substantial progress. The Debtors have already conducted and concluded multiple sale processes to maximize the value of their assets. Throughout this process, the Debtors have worked, and continue to work, diligently with the multiple parties, including their remaining secured creditors, prepetition lenders, and the Committee to negotiate terms of a plan of liquidation, which the Debtors believe will provide the framework for the ultimate disposition of these chapter 11 cases, and have acted in good faith in order to achieve the most value from their assets. The Debtors have no ulterior motive and are in no way seeking an extension to pressure creditors. Rather, the extensions are sought to negotiate a plan that will have the support of the Committee and all voting classes.

15.     Extension of the Exclusive Periods for the purpose of filing, soliciting and confirming a plan without the distraction, cost, and delay of competing plans is completely consistent with the goals of the Exclusive Periods. *See In re Texaco, Inc.*, 81 B.R. 806, 809

(Bankr. S.D.N.Y. 1988) (stating purpose of exclusivity is to enable debtors to negotiate plans without undue interruption).

### iii.    The Debtors Have and Will Continue to Pay Postpetition Administrative Expenses as They Come Due (Factor 4)

16.    Since filing these chapter 11 cases, the Debtors have taken numerous affirmative steps to reduce costs and ensure that administrative expenses are paid. The Debtors respectfully submit that, under the relevant facts and circumstances, the requested extension of the Exclusive Periods will not prejudice the legitimate interests of creditors, as the Debtors continue to make timely payment on their undisputed post-petition obligations.

### iv.    The Debtors' Cases Have Been Pending for Less Than Four Months (Factor 7)

17.    Although these chapter 11 cases are only approximately seven months old, they have been quickly progressing towards an orderly and comprehensive conclusion. As set forth above, the Debtors have already made significant steps towards resolution of these cases. In light of the relatively short duration of these cases, the Debtors submit that the requested extension is reasonable and appropriate.

### C.    Allowing Exclusivity to Lapse Would Harm the Debtors' Estates

18.    Termination of the Exclusive Periods would adversely impact the progress of these chapter 11 cases. Not extending, and thus terminating, exclusivity would permit any party in interest to propose a plan and frustrate the efforts to date of the Debtors and their principal stakeholders. This would foster a chaotic environment with no central focus and threaten the Debtors' efforts to maximize the value of the estates for the benefit of the Debtors' creditors. Moreover, the Exclusive Periods should be extended for a duration sufficient to ensure that, if confirmation of a plan should be denied for any reason, the parties will have sufficient time thereafter to reassess and pursue all alternative options with respect to these chapter 11 cases.

19.     Based upon the foregoing, the Debtors respectfully submit that cause exists in these cases to extend the Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code.

## NOTICE

20.     Notice of this Motion will be given to the following parties or, in lieu thereof, to their counsel: (i) the U.S. Trustee; (ii) the Committee; (iii) Bank of America, N.A., as administrative agent under the Debtors' prepetition revolving and debtor-in-possession credit facilities; (iv) Jefferies Finance LLC, as administrative agent under the Debtors' prepetition term facility; and (v) any other party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated:    September 3, 2019

**BAYARD, P.A.**

*/s/ Daniel N. Brogan*
Justin R. Alberto (No. 5126)
Erin R. Fay (No. 5268)
Daniel N. Brogan (No. 5723)
600 North King Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
Email: jalberto@bayardlaw.com
        efay@bayardlaw.com
        dbrogan@bayardlaw.com

- and -

**COOLEY LLP**
Seth Van Aalten
Michael Klein
Summer M. McKee
55 Hudson Yards
New York, New York 10001
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: svanaalten@cooley.com
        mklein@cooley.com
        smckee@cooley.com

*Co-Counsel for the Debtors and Debtors-in-Possession*