# EXHIBIT D

**Remnant Asset APA**

# ASSET PURCHASE AGREEMENT

**THIS ASSET PURCHASE AGREEMENT** (this "Agreement"), dated as of March __, 2023, is by and between **CR HOLDING LIQUIDATING, INC., ET AL.** (collectively, "Debtors" or "Seller"),[1] **BANKRUPTCY ESTATES** (collectively, "Estates"), and **OAK POINT PARTNERS, LLC** ("Purchaser").

## WITNESSETH:

**WHEREAS**, on or about February 3, 2019, the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware ("Court"), jointly administered under Case No. 19-10210; and

**WHEREAS**, on or about March 5, 2019, the Court entered an order approving the employment and retention of Berkeley Research Group, LLC to provide Brian Cashman as Chief Restructuring Officer of the Debtors; and

**WHEREAS**, at the time of the execution of this Agreement and continuing into the future, there may be property of the Estates remaining, consisting of known or unknown assets or claims which have not been previously sold, assigned, or transferred (collectively, "Remnant Assets"); and

**WHEREAS**, Remnant Assets specifically **exclude**: (a) cash held at the time of this Agreement in the Seller's fiduciary bank account for the Debtors' cases; provided, however, that any cash that exists in such bank account one year from the date of the closing of the Debtors' cases, except as provided in sub provision (b) herein, shall be Remnant Assets; (b) any returned or undeliverable creditor claim distribution checks that require administration in accordance with 11 U.S.C. § 347(a); (c) any and all Goods[2] (e.g., office furniture) of the Debtors; (d) the books and records used by the Debtors in the ordinary course of business, but excluding any recent statements, notices or correspondence received by the Seller relating to Remnant Assets specifically acquired in this Agreement; (e) any US Trustee fee reimbursements for unconstitutional over-payments made pursuant to the 2017 statutory amendment during the course of the Debtors' bankruptcy cases; (f) the Estates' rights to and interests in all anticipated state tax refunds for tax years 2016 – 2021; provided, however, that any such tax refunds that have not actually been received by the Seller within one year after the date of this Agreement shall be Remnant Assets; and (g) the Purchase Price (as hereinafter defined) to be delivered pursuant hereto; and

**WHEREAS**, subject to Court approval, Seller has the power and authority to sell and assign all right, title and interest in and to the Remnant Assets to Purchaser, including, but not limited to the proceeds thereof.

**NOW THEREFORE**, in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

1. **Purchase Price.** The Purchase Price shall be good funds in the amount of Twenty-Five Thousand and No/100 Dollars ($25,000.00) payable within 3 business days of receipt by Purchaser of this executed

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: CR Holding Liquidating, Inc. (4325); CR Holdings Liquidating Corporation (1045); CR Intermediate Liquidating Corporation (6345); CR Enterprise, Inc. (2527); CR Liquidating, Inc. (0505); CR Merchandising Liquidating, Inc. (9453); and CR Administration Liquidating, Inc. (9456).

[2] The term "Goods" as used herein shall have the meaning ascribed to it under § 9-102(a)(44) of the Uniform Commercial Code.

1

Agreement and the entry of a non-appealable Order of the Court approving this Agreement.

2. **Assignment of Remnant Assets.**  Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of Seller's right, title and interest under, in and to the Remnant Assets, as well as any and all claims and rights related to the Remnant Assets, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the Remnant Assets and all amounts, interest, and costs due under the Remnant Assets.

3. **Authority to Sell.**  Subject to Court approval, the sale of the Remnant Assets by Seller is made pursuant to the authority vested in Seller.

4. **Payments Received on Remnant Assets.**  Seller further agrees that any payments received by Seller on account of any Remnant Assets shall constitute property of Purchaser to which Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's address set forth below.  Seller agrees to use reasonable efforts to forward to Purchaser notices received with respect to any Remnant Assets.

5. **Seller's Representations and Warranties.**  In consideration of Purchaser's agreements herein and to induce Purchaser to enter into this Agreement, Seller represents and warrants to Purchaser that Seller has full lawful right, title, power and authority to enter into this Agreement and to convey Seller's interest to Purchaser in the Remnant Assets as is set forth in this Agreement.

**EXCEPT AS SPECIFICALLY SET FORTH HEREIN, SELLER SELLS, ASSIGNS, AND TRANSFERS THE REMNANT ASSETS TO PURCHASER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.**

6. **Free and Clear Sale.**  The sale of Remnant Assets shall be free and clear of any liens, claims, or encumbrances pursuant to 11 U.S.C. § 363(f).

7. **No Assumption of Liabilities.**  Notwithstanding any other provision of this Agreement, the parties agree that Purchaser is acquiring only the Remnant Assets and rights and interests related thereto, and that Purchaser is not acquiring or assuming, nor shall it be deemed to have acquired or assumed, any liabilities or obligations, including lien obligations, of Seller or its affiliates of any kind or nature, whatsoever, whether known or unknown, existent or future, arising out of, or in connection with, the Remnant Assets, except as may otherwise expressly be provided herein.

8. **Documents of Assignment.**  From time to time upon request from Purchaser, Seller shall execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto.  However, Purchaser shall reimburse Seller for its reasonable costs associated with such compliance.

9. **Limited Power of Attorney.**  Solely with respect to the Remnant Assets, and to the extent permitted by law, Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Remnant Assets herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the transfer of the Remnant Assets to Purchaser and its rights thereunder pursuant to this Agreement.

10. **Entire Agreement.**  This Agreement embodies the entire agreement and understanding between Seller and Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such

amendment or modification is in writing and signed by both parties.

11. **Benefits and Binding Effect.**  All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and Purchaser.

12. **Governing Law.**  This Agreement shall be governed by and construed in accordance with the internal laws of the State of Delaware, without giving effect to choice of law principles of the State of Delaware.

13. **Counterparts**.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

**THIS AGREEMENT** has been duly executed as of the day and year first above written.

**OAK POINT PARTNERS, LLC**

By: _____
Name:  ERIC LINN
Its:  Chief Executive Officer & President

Address *(for regular mail and mail forwarding)*: PO Box 1033, Northbrook, IL 60065-1033
Address *(for overnight delivery)*: 5215 Old Orchard Road, Suite 1000, Skokie, IL 60077
Tel (847) 577-1269        Fax (847) 655-2746

**CR HOLDING LIQUIDATING, INC., ET AL., BANKRUPTCY ESTATES**

By: _____
Name:  BRIAN CASHMAN
Its: Chief Restructuring Officer

Address: c/o Berkeley Research Group, LLC, 99 High Street, 27th Floor, Boston, MA  02110
Tel (774) 266-8025