IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>CR Holding Liquidating, Inc., *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 19-10210 (LSS)<br>)<br>) (Jointly Administered)<br>)<br>) Re: D.I. 1778<br>) |

### ORDER ESTABLISHING PROCEDURES FOR DISMISSAL OF THE DEBTORS' CHAPTER 11 CASES AND GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the Debtors for entry of orders, pursuant to sections 105(a), 349, 554, and 1112(b) of the Bankruptcy Code, Bankruptcy Rules 1017(a), 2002, and 6007, and Local Rules 1017-2 and 2002-1 approving procedures for dismissal of these Chapter 11 Cases, and granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b) in which the Court may enter a final order; and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion being sufficient; and it appearing that no other or further notice is necessary; and the Court having

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: CR Holding Liquidating Inc. (f/k/a Charlotte Russe Holding Inc.) (4325); CR Holdings Liquidating Corporation (f/k/a Charlotte Russe Holdings Corporation) (1045); CR Intermediate Liquidating Corporation (f/k/a Charlotte Russe Intermediate Corporation) (6345); CR Enterprise Liquidating, Inc. (f/k/a Charlotte Russe Enterprise, Inc.) (2527); CR Liquidating, Inc. (f/k/a Charlotte Russe, Inc.) (0505); CR Merchandising Liquidating, Inc. (f/k/a Charlotte Russe Merchandising, Inc.) (9453); and CR Administration Liquidating, Inc. (f/k/a Charlotte Russe Administration, Inc.) (9456). The Debtors' mailing address is 55 Hudson Yards, 42nd Floor, Attn. Summer McKee, New York, New York, 10025.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. Any objections to the Motion not previously withdrawn, waived, or settled and all reservations of rights included therein, are hereby overruled with prejudice.

3. Within thirty (30) days after the entry of this Order (the "<u>Final Fee Application Deadline</u>"), each Retained Professional shall file a final fee application (each, a "<u>Final Fee Application</u>") for (a) professional fees earned and expenses incurred from the Petition Date through and including April 30, 2023, and (b) estimated professional fees and expenses that are expected to be incurred from May 1, 2023 through the anticipated dismissal date; provided that each Retained Professional shall be required to file by 4:00 p.m. (prevailing Eastern Time) on the date that is seven (7) days prior to the hearing on the Final Fee Application (the "<u>Final Fee Application Hearing</u>") a supplement to its Final Fee Application setting forth the actual fees earned and expenses incurred by such Retained Professional from May 1, 2023 through and including the date of the filing of the supplement.

4. Payments made to Retained Professionals on account of approved Final Fee Applications and supplements thereto shall be made on the same pro rata basis as payments made to holders of Allowed Administrative Claims.

5. Objections, if any, to each Final Fee Application filed by a Retained Professional shall be filed before 4:00 p.m. (prevailing Eastern Time) on the date that is twenty-one (21) days after the Final Fee Application Deadline.

6. The Court will hold the Final Fee Application Hearing, if necessary, on _____, 2023 at \_\_:\_\_ \_.m. (prevailing Eastern Time) to resolve any objections related to a Final Fee Application.

7. The Debtors are authorized to enter into, and take any and all actions necessary to effectuate the terms of, the Remnant Asset APA.

8. In response to informal objections raised by certain property taxing entities, the Debtors are authorized to issue payment in the amount of $30,048.11 in full and final satisfaction of the senior ad valorem tax claims detailed on Schedule 1 attached hereto, which amount reflects the taxing entities agreement to waive amounts asserted as due and owing on account of post-petition interest and penalties. Payment on account of the Schedule 1 claims shall be made within 15 days of the entry of this Order.

9. As soon as reasonably practical following the completion of (a) the filing of all monthly operating reports of the Debtors, including the report for the month in which the Chapter 11 Cases are to be dismissed; (b) the payment of all quarterly fees due and owing in the Chapter 11 Cases to the Office of the United States Trustee pursuant to 28 U.S.C. § 1930, including those for the quarter in which the Chapter 11 Cases are to be dismissed (the "Quarterly Fees"); (c) closing of the Remnant Asset sale pursuant to the Remnant Asset APA; (d) the payment of all professional fees and expenses requested by the Retained Professionals and approved on a final basis (to the extent applicable); and (e) payments to holders of Allowed Administrative Claims as reflected on Schedule 2 attached hereto (collectively, (a) through (e) the "Certification Conditions"), and after consultation with counsel for the U.S. Trustee, the Debtors may file a certification of counsel (the "Certification"), which shall attach a proposed form of order, substantially in the form attached to the Motion as Exhibit B, dismissing the Chapter 11 Cases (the "Dismissal Order"). Among other

things, the Certification shall include a verification that all of the Certification Conditions have been completed.

10. The Certification and this Order may be served only on the Dismissal Order Notice Parties, as defined in the Motion, and no further notice regarding the dismissal of these Chapter 11 Cases shall be required. The Debtors' creditors and parties in interest have received reasonable and sufficient notice of the proposed dismissal through notice of the hearing on the Motion.

11. Notwithstanding any provisions of this Order to the contrary, the obligation of the Debtors to file monthly operating reports and to pay Quarterly Fees to the U.S. Trustee shall continue until the date that these Chapter 11 Cases are dismissed pursuant to the provisions of this Order.

12. The Debtors are authorized to take any and all actions necessary to effect the relief granted pursuant to this Order.

13. This Order shall constitute findings of fact and conclusions of law and, notwithstanding the possible applicability of any provision of the Bankruptcy Rules, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Dated: April 19th, 2023**
**Wilmington, Delaware**

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

284435902 v2