**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| CR Holding Liquidating, Inc., *et al.*,[1] | ) Case No. 19-10210 (LSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Related Docket Nos.:** 1778, 1801, 1865 |
| | ) |

**ORDER DISMISSING THE DEBTORS' CHAPTER 11 CASES**

Upon the *Motion of the Debtors for Entry of Orders (I) Establishing Dismissal Procedures, (II) Authorizing Dismissal of the Debtors' Chapter 11 Cases, and (III) Granting Related Relief* [D.I. 1778] (the "Motion")[2], and this Court having entered that certain *Order Establishing Procedures for Dismissal of the Debtors' Chapter 11 Cases and Granting Related Relief* [D.I. 1801] (the "Dismissal Procedures Order"),[2] and the *Certification of Counsel and Request for Entry of an Order Dismissing Chapter 11 Cases* (the "Certification"); and the Court having jurisdiction to consider the Motion and Certification and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012; and consideration of the Motion and Certification and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b) in which the Court may enter a final order; and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion and Certification being sufficient under the

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: CR Holding Liquidating Inc. (f/k/a Charlotte Russe Holding Inc.) (4325); CR Holdings Liquidating Corporation (f/k/a Charlotte Russe Holdings Corporation) (1045); CR Intermediate Liquidating Corporation (f/k/a Charlotte Russe Intermediate Corporation) (6345); CR Enterprise Liquidating, Inc. (f/k/a Charlotte Russe Enterprise, Inc.) (2527); CR Liquidating, Inc. (f/k/a Charlotte Russe, Inc.) (0505); CR Merchandising Liquidating, Inc. (f/k/a Charlotte Russe Merchandising, Inc.) (9453); and CR Administration Liquidating, Inc. (f/k/a Charlotte Russe Administration, Inc.) (9456). The Debtors' mailing address is 55 Hudson Yards, 42nd Floor, Attn. Summer McKee, New York, New York, 10025.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

circumstances; and it appearing that no other or further notice is necessary; and the Court having

determined that the legal and factual bases set forth in the Motion and Certification establish just

cause for the relief granted herein; and after due deliberation and good and sufficient cause

appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED, as set forth herein.

2.      Pursuant to section 1112(b) of the Bankruptcy Code, the Chapter 11 Cases are

dismissed effective as of the entry of this order (this "Order").

3.      Notwithstanding anything to the contrary, including, without limitation, section 349

of the Bankruptcy Code, all prior orders, releases, stipulations, settlements, rulings, and judgments

of this Court made in any of the above-captioned Chapter 11 Cases, including, without limitation,

the Final DIP Order, the Sale Order, the Store Closing Order, the order approving the IP Sale

Transactions, and the Dismissal Procedures Order, shall remain in full force and effect, shall be

unaffected by the dismissal of these Chapter 11 Cases, and are specifically preserved for purposes

of finality of judgment and *res judicata* unless expressly amended or overruled by a subsequent

stipulation, settlement, order or judgment of this Court, as applicable.

4.      The retentions of the Retained Professionals are hereby terminated, effective

immediately, without the need for further action on the part of this Court, the Debtors or such

firms.

5.      Pursuant to sections 105(a) and 554 of the Bankruptcy Code and Bankruptcy Rule

6007, to the extent not previously authorized, the Debtors are authorized, but not directed, to

abandon or destroy, or cause to be abandoned or destroyed, any and all of the remaining Books

and Records; *provided, however,* that any documents containing personally identifiable information must be shredded or otherwise destroyed.

6.     Upon entry of this Order, Donlin, Recano & Co., Inc. ("Donlin"), as the Debtors' claims and noticing agent, is relieved of its responsibilities as the Debtors' claims and noticing agent in these Chapter 11 Cases; *provided that* Donlin shall provide the services described in this paragraph and shall be entitled to payment and reimbursement of its fees and costs from and against any prepetition retainer provided to Donlin in connection with these Chapter 11 Cases.  In accordance with Local Rule 2002-1(f)(ix), within fourteen (14) days of the entry of this Order, Donlin shall (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, and (c) docket a combined final claims register containing claims against each Debtor.

7.     To the extent that the Debtors receive payments reflecting state tax refunds owed to the estates on or prior to April 19, 2024 (the "State Tax Refund Payments"), such amounts shall be received and held for the benefit of holders of Allowed Administrative Claims.  Should the aggregate State Tax Refund Payments total $1,000.00 or more after accounting for the administrative cost of issuing such payments, the Debtors are authorized to make a supplemental pro rata distribution to holders of Allowed Administrative Claims.  To the extent that the aggregate State Tax Refund Payments total less than $1,000.00 after accounting for the administrative cost of issuing payments to holders of Allowed Administrative Claims, such amounts will be distributed to Retained Professionals on account of outstanding balances approved in connection with the Final Fee Applications.

8.     As soon as reasonably practicable after the entry of this Order, without the need for further action on the part of this Court and without the need for further corporate action or action

3

of the boards of directors or managers, as applicable, or stockholders of the Debtors to the extent

not previously dissolved, the Debtors are authorized, but not directed, to dissolve their corporate

entities in accordance with applicable state law.  Any officer of the Debtors is authorized to execute

and file on behalf of the Debtors all documents necessary and proper to effectuate and consummate

the dissolution of the Debtors in accordance with the laws of the states in which they are formed.

9.      The Debtors are hereby authorized and empowered to take any and all steps

necessary and appropriate to effectuate the terms of this Order.

10.      To the extent applicable, Bankruptcy Rules 6004(h) and 6006(d) are waived and

this Order shall be effective and enforceable immediately upon entry.

11.      Notwithstanding the dismissal of these Chapter 11 Cases, this Court shall retain

jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the

implementation, interpretation or enforcement of this or any other Order of this Court entered in

these Chapter 11 Cases.

**Dated: August 18th, 2023**
**Wilmington, Delaware**

4

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

288655314 v1